## BELLAR v. CLEVE.-AKRON COUNTRY HOMES CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8694. Decided June 11, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

### 677. JUDGMENTS AND DECREES.
No limitation to rule that court of general jurisdiction has power to control its own orders and judgments during term at which they are rendered. Such power subject only to condition that it must be used with sound discretion.

Error to Common Pleas.

Judgment affirmed.

Locher, Green & Woods, Cleveland, for Bellar.

Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for Country Homes Co.

### FULL TEXT.

MIDDLETON, PJ.

This is a proceeding in error to review an order of the Court of Common Pleas vacating a judgment by default recovered by the plaintiff in error against the defendant in error in that court. The record shows that the judgment in question was entered of record on the 13th day of July, 1927, and the motion for vacating the same was filed on July the 15th, 1927, and this motion was allowed on August the 9th, 1927. It thus appears, from the record, that all of the foregoing proceedings were had at and during the same term of court.

It is contended by the plaintiff in error that the motion aforesaid was erroneously granted, because the trial court before allowing the same, did not find and adjudge that the defendant in error had a valid defense to said action.

It is further contended that under the facts as appear in the record as a matter of law the defendant in error has no defense to said action. While we are not prepared to admit the truth of all the contentions of the plaintiff in error in this respect, yet if they were true, we are impelled to hold that they are wholly unavailable to him in this review.

It is settled by the case of Bank vs. Smith, 102 O. S. 120, that there is no limitation to the rule that court of general jurisdiction has power to control its own orders and judgments during the term at which they are rendered and that such power is subject only to the condition that it must be used with sound discretion. It is further held in that case that the provisions of Section 11637 General Code and related sections found in chapter six, apply only to judgments at a former term of court.

There is no complaint in the instant case of any abuse of discretion on the part of the trial judge, and there is no proof in the record of such fact, if it was pleaded.

The judgment is affirmed.

(Mauck, J., concurs in judgment.)