**GAINES v COILE et**

Ohio Appeals, 5th Dist, Knox Co

No 428. Decided Jan 21, 1941

## OPINION

By LEMERT, J.

This case was commenced in the Common Pleas Court of Knox County by the appellant, for damages sustained as a result of an automobile collision which occurred on the 24th day of January, 1940, while appellant was riding in a car with the defendant, Balcolm, which car collided with another car being operated in an opposite direction by the defendant Coile. The appellant alleged in his petition that he and Balcolm were employees of the Isreal Supply Company and that his injuries were caused by the negligence of both defendants.

The case came on for trial in the Common Pleas Court of Knox County and at the close of the appellant's testimony a motion was made to direct a verdict for the defendant. This motion was overruled by the court and the defendants, without introducing any testimony, rested and renewed the above motion. Whereupon the court, after some consideration sustained the same and directed the jury to return a verdict in favor of both defendants. A motion for a new trial was filed and overruled and notice of appeal given.

On November 29th, a purported bill of exceptions was filed. At the beginning of this purported bill of exceptions the style of the case is given which style is followed by these words: "Extracts of Testimony of Leroy Balcolm and Laurel S. Gaines." At the close of the bill of exceptions, the following certificate appears:

"And now comes the said plaintiff, Laurel S. Gaines, and having reduced extracts from the testimony of Leroy Balcolm and Laurel S. Gaines to writing, and filed the same in said cause on the 18th day of November, 1940, being within 40 days after the overruling

of said motion for a new trial, and thereupon the attorneys for the defendants having been forthwith notified by the Clerk of the Courts of the filing thereof, and no objections or proposed amendments thereto having been filed within the time prescribed by law, said Clerk, on the 29th day of November, 1940, being not less than ten nor more than fifteen days after the notice of the filing of such Bill of Exceptions. having delivered the same to the undersigned, the trial judge, said Bill of Exceptions is allowed, signed, and ordered to be made a part of the record herein this 29th day of November, 1940, and delivered by said trial judge to the office of the Clerk of Courts of Knox County, Ohio.

Chas. H. Hayden,
Judge of the Court of Common Pleas of Knox County, Ohio."

The purported bill of exceptions does not contain all of the evidence, but only extracts of the testimony of plaintiff and defendant, Leroy Balcolm, relating entirely to the relationship of said parties. There is no evidence or testimony in the record in any way relating to the issues of negligence and contributory negligence which were raised by the pleadings. Furthermore the so-called Bill of Exceptions does not, and does not purport to, contain all of the evidence with respect to the relationship between Balcolm and Gaines. These facts are apparent from an examination of the pleadings and the bill of exceptions. These facts further appear from the certificate of the trial court, which recites:

"And now comes the said plaintiff, Laurel S. Gaines, and having reduced extracts from the testimony of Leroy Balcolm and Laurel S. Gaines to writing, and filed the same in said cause on the 18th day of November, 1940, being within 40 days after the overruling of said motion for a new trial, and thereupon the attorneys for the defendants having been forthwith notified by the Clerk of the Courts of the filing thereof, and no objections or pro-

posed amendments thereto having been filed within the time prescribed by law, said Clerk on the 29th day of November, 1940, being not less than ten nor more than fifteen days after the notice of the filing of such Bill of Exceptions, having delivered the same to the undersigned, the trial judge, said Bill of Exceptions is allowed, signed, and ordered to be made a part of the record herein this 29th day of November, 1940, and delivered by said trial judge to the office of the Clerk of Courts of Knox County, Ohio.

Chas. H. Hayden,
Judge of the Court of Common Pleas of Knox County, Ohio."

It affirmatively appears from this purported Bill of Exceptions that the same does not contain all of the evidence introduced in the lower court and no where in this purported Bill of Exceptions is it certified or claimed that the same contains all of the evidence on the question of agency. It is recited that the transcript contains extracts of the testimony of Balcolm and Gaines, thereby affirmatively indicating that it does not contain all of the evidence of the two witnesses.

While the appellant has enumerated three alleged assignments of error, there is in fact only one claim of error and that is the claim that the court erred in directing a verdict in favor of defendants.

It has long been the rule in Ohio that a reviewing court cannot pass upon the claimed error of the trial court in directing a verdict for the defendant unless a bill of exceptions has been filed which contains all the evidence. **Cleveland Railway v Kukucz, 121 Oh St 468; Regan, Admrx. v McHugh, 78 Oh St 326; Weaver v Whalen, 56 Oh Ap 35.**

The case of **Cleveland Railway Co. v Kukucz, 121 Oh St 468,** is almost directly in point. In that case, Kukucz was injured when his automobile was struck by a street car. He brought an action for damages based upon the negligence of the Railway Company. The plaintiff offered his evidence and rested. Defendant moved for a directed verdict, which was overruled. The defendant offered evidence and then renewed his motion. The court sustained the motion and directed a verdict. Plaintiff appealed and filed a bill of exceptions which contained only the plaintiff's evidence. In sustaining the trial court, the Supreme Court through Jones, J., said:

"This court is of the opinion that the Court of Appeals, in view of the failure to incorporate the defendant's testimony in the bill of exceptions, erred in reversing the judgment of the trial court. The record discloses that both parties offered evidence, but that the evidence offered by the defendant was not incorporated in the bill. The motion of the defendant for a directed verdict was made and sustained at the close of the evidence. What the proof offered by the defendant was, whether it countervailed the proof of plaintiff on the issue of negligence, or sustained its issue of contributory negligence, neither the Court of Appeals nor this court has the means of knowing. The missing evidence may have fully sustained the trial court's ruling in directing the verdict. * * * This is not a new rule of procedure, but one that has often been sanctioned by former decisions of this court. We allude to but one of them, viz., **Regan, Admrx. v McHugh, 78 Oh St. 326, 85 N. E. 559.**"

In the case of **Weaver v Whalen, 56 Oh Ap 35,** plaintiff was injured while riding in an automobile operated by defendant. In his petition plaintiff charged defendant with negligence and wanton misconduct. At the conclusion of the plaintiff's evidence the court sustained a motion for a directed verdict. The bill of exceptions contained only a part of the evidence. In sustaining the trial court, the Court of Appeals said:

"We are asked to find, from a bill of exceptions which does not contain all of the evidence upon which the trial

court based its judgment, that the trial court was in error in directing a verdict for the defendant. This we cannot do."

In the case of **Fritz Wolf v The Cleveland City Railway Co., 2 O. C. C. (N.S.) 536,** the Cuyahoga County Court of Appeals held that (syl.):

"A bill of exceptions that does not contain all of the evidence offered upon the trial will not be considered for the purpose of reviewing the action of the trial judge in directing a verdict for defendant at the close of plaintiff's evidence."

This case was affirmed by the Supreme Court in **71 Oh St 476.**

The rule has been stated and restated by the courts of Ohio that the decision of a reviewing court must be based upon the evidence shown in the record before the court. In other words, the Court of Appeals will not consider any evidence or facts to the bill of exceptions whether the same appear in the petition, the brief of the parties, argument of counsel, or be brought to the attention of the court in any other manner.

This rule is stated by the same court of Ohio in the case of the **Berkey Farmer Mutual Telephone Company v The Sylvania Home Telephone Company et** reported in **97 Oh St 67,** the third part of the syllabus reading as follows:

"The Court of Appeals in reviewing the charge of a Common Pleas Court is confined to a consideration of the record presented to it, and cannot under the provisions of §11364 GC consider matters wholly outside the record for the purpose of determining whether or not substantial justice has been done to the party complaining."

There is nothing in the record before us to show the speed, grade, approaching elevation to the bridge, obstructions, length or width of the bridge, and nothing to show the negligence of both or either defendant, and nothing to show the contributory negligence on the part of plaintiff, and the meager record only shows extracts from the cross-examination of Leroy Balcolm and the direct examination of Laurel S. Gaines, and the cross-examination and redirect examination of Gaines, and there being only such extracts and not a complete record, the reviewing court is unable to pass upon a relationship of the parties and is unable to determine whether or not the relationship of principal and agent existed.

It might be that the trial court's judgment was based on other evidence not in the record before us, and the presumption carries that the trial court was right until otherwise shown by the records. This case was heard upon a motion to dismiss the appeal and upon the merits. The motion to dismiss the appeal is overruled, and the judgment of the lower court is affirmed.

Exceptions may be noted.

SHERICK, PJ., LEMERT and MONTGOMERY, JJ., concur.