**WALOSKI, Plaintiff-Appellee, v. WALOSKI, Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1130. Decided Sept. 28, 1945.

Joseph T. Molitoris, Warren, for plaintiff-appellee.
Spain and Spain, Warren, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appeals on questions of law from a judgment of the court of common pleas granting plaintiff a divorce from defendant on the grounds of extreme cruelty and gross neglect of duty, and ordering defendant to "pay to the plaintiff the sum of $30.00 per month for the support of their son, Harry Waloski," "until further order of the court."

In his assigned grounds of error defendant claims that "the decree and judgment of the trial court are manifestly against the weight of the evidence", "are not sustained by sufficient evidence", and "are contrary to law".

The Bill of Exceptions submitted to us disclosses the following statement:—

"By the Court: Let the record show that the plaintiff had been on the stand testifying some ten minutes before request was made for taking of the record."

Obviously it affirmatively appears from the bill of exceptions that it does not contain all of the evidence introduced in the trial court, and it is observed that it is not certified as containing, or claimed that it does contain, all of the evidence introduced in that court.

"The necessity for a complete bill of exceptions varies according to the questions sought to be raised. If a review on the weight and sufficiency of evidence is desired, the bill must contain all the evidence. And while this is true in certain other instances, in many cases a complete bill of exceptions is not necessary. The purpose of a bill of exceptions being to provide the reviewing court with a succinct and intelligible statement of the errors concerning which complaint

140

is made on the appeal, it is not necessary in all cases to send up a transcript of the whole testimony and proceedings at the trial, but only sufficient to present the errors complained of." 3 American Jurisprudence, Section 658, Page 260.

"Upon failure so to incorporate the evidence, it will be assumed that the evidence was sufficient to sustain the judgment, and that it supported all findings of fact and all facts pleaded and essential to the judgment. This is almost a self-evident proposition, for how can an appellate court determine whether the evidence before the trial court was sufficient to warrant its disposition of the cause, when there is nothing in the record to show what that evidence was?" 3 American Jurisprudence, Section 659, Page 262.

This court has no means of knowing what proof was offered by the plaintiff during the ten minute period of which no report was made, or whether it countervailed the proof offered by the defendant. "The missing evidence may have fully sustained" the judgment of the trial court.

Unless all of the evidence is incorporated into the Bill of Exceptions a presumption arises that all of the allegations of the petition were supported by proof.

"It is presumed that there was sufficient evidence before the trial court to sustain a judgment when the record discloses that a trial court rendered judgment upon the evidence introduced in behalf of each party and there is no finding of fact or bill of exceptions before the reviewing court to show affirmatively what evidence the judgment was based on." 2. O. Jur. Section 336, Page 399.

"The presumption carries that the trial court was right until otherwise shown by the record, * * *." Gaines v Coile, 35 Abs., 406, 40 N. E. (2nd) page 962.

"A revisory court never presumes that an inferior tribunal has erred. The presumption is that it has not. Until the contrary is shown by record, every court is presumed to have acted and decided correctly." Wagers v Dickey, 17 Ohio Reports 439.

Like the court in the case of Wagers v Dickey, supra, "we are left altogether in the dark upon the subject" whether "the decree and judgment of the trial court are manifestly against the weight of the evidence" or "are not sustained by sufficient evidence," and "if any supposable state of proof connected

with what is shown by the Bill of Exceptions should have sustained a right of action, we ought to presume such proof to have been given, until the contrary appears."

However "a judgment will not be affirmed because the bill of exceptions fails to show affirmatively that it contains all the evidence, if it contains enough to show affirmatively that the court's finding was erroneous." 3 American Jurisprudence, Section 659, Page 262.

As the result of reading the bill exceptions submitted to us we cannot reach the conclusion that it contains enough evidence to show affirmatively that the finding of the trial court was erroneous.

Counsel for defendant has not called our attention to any claimed reason why "the decree and judgment of the trial court are contrary to law" but we assume that it is because it is claimed that they are against the manifest weight of the evidence and not supported by sufficient evidence.

It is apparent that we cannot reverse the judgment of the trial court on that ground for those assumed reasons and a perusal of the papers submitted to us, which we have a right to consider, fails to disclose any reason why in our opinion the judgment of the trial court should be reversed on that ground.

We are asked to find, from a bill of exceptions which does not contain all of the evidence upon which the trial judge based his judgment, that such judgment is manifestly against the weight of the evidence, is not supported by sufficient evidence, and is contrary to law. This we cannot do.

The judgment of the court of common pleas is affirmed.

NICHOLS, P. J., & CARTER, J., concur in judgment.