**MOTORISTS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee. v. AUTO OWNERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 173. Decided October 31, 1955.

72

Cummins & Boller, Sidney, for plaintiff-appellee.
Wiles & Doucher, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that the notice of appeal was not filed within the time limited by law

After judgment in this case and motion for new trial had been filed, the motion was overruled and entry journalizing the order filed as of May 7, 1955. On June 6, 1955, defendant moved the court to strike the entry of May 7th, and to reconsider the motion for a new trial. The entry journalizing the action of the court on this motion recites that it came on to be heard on the motion to vacate and set aside the entry "and the court, upon due consideration thereof, finds said motion well taken and it is therefore sustained."

Continuing, it was adjudged that the order of May 7, 1955 should be vacated and set aside. Motion for reconsideration granted; "and the motion for new trial being further heard, it is ordered that the motion for new trial be overruled as of the 6th day of June, 1955."

The motion to dismiss the appeal is based upon the claim that the effective order overruling defendant's motion for a new trial was that of May 7, 1955, and that the order of June 6, 1955 was made without authority of law. If defendant's contention is correct, the motion should be sustained.

The action of the court in vacating its order overruling the motion for a new trial of May 7, 1955 was taken during term. It follows that the court had wide discretion in determining if good reason appeared for the action taken. **Bellar v. Cleveland-Akron Country Homes Co., 6 Abs 499.** A presumption of regularity and validity of the order of the court attends.

Appellant undertakes to bring the question of the abuse of discretion of the court upon the record by affidavit, purposed to disclose that the only reason for the action of the court was to permit a showing that the motion of defendant for new trial was overruled as of later date than May 7, 1955, so that its notice of appeal could be made effective.

The question of procedure sought to be raised may not be brought to our attention unless the facts therein appearing are authenticated by the trial judge or brought onto the record by stipulation of the parties or in some other manner expressly authorized by statute. **Ivins v. Elbinger Shoe Mfg. Co., 14 Oh Ap 289; Gaines v. Coile, 35 Abs 406; Schultz v. The**

State, 32 Oh St 276; 3 O. Jur. (2) 287, 288; **First Natl. Bank v. Decker, 16 Abs 705; Mounts v. Eclipse Motor Lines. Inc., et al., 88 Oh Ap 211.**

It may also be observed that no objection is noted by defendant to the action of the trial judge vacating the first order overruling the motion for a new trial. **Sec. 2321.03 R. C.**

The subject matters of the affidavits pertinent to the motion to dismiss the appeal are not properly before this Court for consideration. The motion will, therefore, be overruled.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 173.   Decided December 7, 1955.

**OPINION**

By THE COURT:

Submitted on application of appellee for reconsideration of our holding in our opinion of October 31, 1955 for the reason that we did not give consideration to the Bill of Exceptions as enlarged upon motion of plaintiff for diminution of the record.

We have now examined the Bill, which discloses fully the proceedings at the time that the trial judge indicated a purpose to vacate the original order overruling defendant's motion for a new trial. We find that although plaintiff did not affirmatively consent to the action of the court, neither did it object nor except in any manner, at the time nor in the entry journalizing the action of the court. We called attention in our original opinion to this fact, and cited §2321.03 R. C. In this situation, the plaintiff is not in a position to urge the error upon which it relies.

The application will therefore be denied.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 173.   Decided February 15, 1956.

74

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ:

The question presented by this appeal involves the ownership of a new 1952 Oldsmobile which was being purchased by one Thomas Boyd from the Dick Helman Auto Sales Company. The automobile herein was involved in a collision and the liability of the defendant insurance company depends upon the ownership of the car at the time of the accident, all of the seller's automobiles being covered in a policy of insurance with the defendant. If the ownership still remained in the Helman Auto Sales Company, then it is conceded that the plaintiff should prevail in this action; on the other hand, if the title had passed to the purchaser, then the judgment should be in favor of the defendant.

In a separate finding of facts the court made the following findings which are pertinent to the issue presented:

"The Court further finds that Dick Helman Auto Sales, Inc., was an automobile dealer in Sidney, Ohio, and was the Oldsmobile distributor, and that on November 13, 1952, Thomas Boyd agreed to trade in his 1950 Oldsmobile on, and purchase, a new 1952 Oldsmobile from Dick Helman Auto Sales, Inc.; that on that day there was still a balance due from

Boyd to The First National Exchange Bank, of Sidney, Ohio, secured by mortgage on the 1950 Oldsmobile, and that the 1952 Oldsmobile in Helman's possession was also mortgaged to The First National Exchange Bank; that on the same day Thomas Boyd signed a note and chattel mortgage to The First National Exchange Bank, of Sidney, Ohio; that the amount of said note and mortgage was left blank; that on the same day the manufacturer's certificate was assigned by Dick Helman Auto Sales, Inc., to Thomas Boyd, and Thomas Boyd signed an application for a certificate of title and gave it to Mr. Helman and, on November 14, 1952, Mr. Helman turned these documents over to The First National Exchange Bank in accordance with previous arrangements with the bank that they would make a loan to Mr. Boyd on the automobile to pay for it; that on the morning of November 15, 1952, all of the papers necessary to complete the loan and to complete the filing of the papers in the Clerk's Office in the Court House, were in the possession of The First National Exchange Bank; that on November 15, 1952, before the First National Exchange Bank had advanced the money to Dick Helman Auto Sales, Inc., for payment of the 1952 Oldsmobile, Thomas Boyd was involved in an accident in which the 1952 Oldsmobile was damaged; at the time of the accident the automobile was in the sole possession of Thomas Boyd and was being operated on his own business, and that as a result of that accident, one Solomon Smith filed an action in the Court of Common Pleas, of Shelby County, Ohio, for damages as a result of injuries sustained therein; that a judgment was rendered against Thomas Boyd for One Thousand Dollars ($1,000.00) and costs.

The Court further finds that on November 15, 1952, Mr. C. M. Fogt, Vice President of the First National Exchange Bank, after learning of the accident, advised Mr. Boyd that the bank would go no further in the matter and would not advance the money for the purchase of the 1952 Oldsmobile; that the papers in the possession of the bank on November 15, 1952, were eventually returned by it to the parties and were never filed."

In order to determine the ownership of this automobile consideration must be given to §§4505.03, .04, .05 and .06 R. C., which set forth the procedure which must be followed in order to acquire a good title to a motor vehicle.

Sec. 4505.03 R. C., requires that the seller of a motor vehicle deliver to the purchaser a certificate of title with such assignment thereon as is necessary to show title in the purchaser. Sec. 4505.04 R. C., provides that no person acquiring a motor vehicle from the owner thereof shall acquire any right, title, claim or interest to the same until he has had issued to him a certificate of title to said motor vehicle.

In the case of Workman, et al., v. The Republic Mutual Ins. Co., 144 Oh St 37, the same facts were presented as in the case at bar with two exceptions, (1) in the cited case the note and chattel mortgage had been filled out completely, while here the note and mortgage were signed in blank and therefore not completed; (2) in the cited case the application for a certificate of transfer of title had been signed by the purchaser and delivered to the seller for filing according to law, while in the case at bar the application for a transfer of the manufacturer's

certificate had been completed but the same was delivered to the seller upon the condition that the note and mortgage be completed by the finance company after which the seller was to file the application for a transfer. The third paragraph of the syllabus of the Workman case, supra, provides:

"Where the insured sold an automobile and delivered possession thereof to the purchaser who signed an instalment note for the purchase price, executed a chattel mortgage securing the same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser, and redelivered same to the vendor for filing in an adjoining county within the three days permitted by law, actual ownership with complete possession and control passed to the purchaser. (**Automobile Finance Co. v. Munday, 137 Oh St 504,** approved and followed.)"

At the bottom of page 48 of the aforesaid case Judge Matthias concludes the opinion with the following statement:

"Without deciding whether the **legal** title had passed, actual ownership with complete possession and control had certainly passed to Mrs. Rhodes, and if **legal** title had not been transferred as agreed, her right to a certificate of title was enforceable. **Automobile Finance Co. v. Munday, 137 Oh St 504,** 30 N. E. (2d), 1002."

A later pronouncement by our Supreme Court is found in the case of **Garlick v. McFarland, 159 Oh St 539,** in which the entire sales transaction had been completed with the exception of the assignment and delivery of the certificate of title. These two cases were decided differently, but there is a material distinction between the facts. In the Workman case the right to a title had passed to the purchaser for the reason that the first procedural step in acquiring the legal title after completion of the sale had been taken, to wit, the application for a certificate of transfer had been filed with the seller who was required under §4505.06 R. C., to obtain a certificate of title upon application being made by the purchaser. This section provides:

"* * *

"In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser by the dealer upon application signed by the purchaser. In all other cases such certificates shall be obtained by the purchaser. In all cases of transfers of motor vehicles, the application for certificate of title shall be filed within three days after the delivery of such motor vehicle."

See also **Automobile Finance Co. v. Munday, 137 Oh St 504.** In the McFarland case the certificate of title had not been transferred to the purchaser; hence there was no attempt made to comply with the provisions of §4505.06 R. C. Therefore, the court held the purchaser had acquired no right to a title and the ownership had not changed. The third paragraph of the syllabus provides:

"Where an automobile is sold by the owner, with full payment of the agreed price and delivery of possession to the purchaser thereof but the assignment and delivery of the certificate of title are deferred, a

change in the ownership of the automobile is not consummated in accordance with the provisions of the Ohio Certificate of Title Act and coverage of such automobile by an insurance policy issued to the owner thereof continues in force until the consummation of the sale by assignment and delivery of the certificate of title."

In the case at bar since the note and mortgage had not been completed it was not possible to complete the application for a transfer of title under §4505.06 R. C. Sec. 4505.13 R. C., requires that all mortgages and liens upon automobiles be noted upon the certigcate of title. Until this information was available a proper certificate of title could not have been issued. Therefore we conclude that no application for a title was pending at the time of the collision which would entitle the purchaser to a certificate of title. No right of title having passed to the purchaser it must follow that the ownership of the automobile remained in the seller.

We find no error in the record and the judgment will be affirmed.

HORNBECK and CONN, JJ, concur.