WILLIS, Plaintiff-Appellant, v WILSON, Defendant-Appellee.

Ohio Appeals, Fourth District, Lawrence County.

Decided November 18, 1947.

Corn, Byrne & Jefferys, Ironton, for plaintiff-appellant.
Irish, Riley & Riley, Ironton, for defendant-appellee.

## OPINION

By METCALF, J.

This appeal on questions of law arises out of a bastardy proceeding in the Court of Common Pleas of Lawrence County, Ohio wherein the defendant appellee was adjudged by a jury on the 27th day of February, 1947 to be the reputed father of an illegitimate daughter born to plaintiff appellant February 20, 1945.

The one assignment of error and the only question for solution is the ruling of the trial court on the motion of complainant for maintenance and support of said child from the

date of birth to the date of adjudication which motion the court overruled, saving exceptions to the complainant and fixing the date of April 19, 1947 from which time the defendant shall pay complainant the sum of $5.00 per week for the maintenance and support of such child.

This question calls for the construction of §12123 GC which section became effective September 5, 1941, the pertinent part reading as follows:

"Sec. 12123 GC. Order of the court when accused adjudged reputed father. If, in person or by counsel, the accused confesses in court that the accusation is true or, if the jury find him guilty, he shall be adjudged the reputed father of the illegitimate child if said child is alive, and the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and childbirth together with costs of prosecution, and a reasonable weekly sum to be paid complainant for support and maintenance of said child up to eighteen years of age. In the event said child is not born alive, or is not living at the time of said plea or finding of guilty, the court shall order the accused to pay the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expense caused by pregnancy, including therein a reasonable amount for maintenance of said child until its death, and its funeral expenses. * * *"

That part of §12123 GC hereinabove quoted is identical with the statute as amended January 27, 1938, effective May 17, 1938. (117 Ohio Laws 808.) Prior to the amendment of 1938 and dating from 1923 the law made no provision for any allowance to complainant for the maintenance and support of an illegitimate child but rather provided for the prosecution, after the adjudication, under the statutes for nonsupport of legitimate or illegitimate children. (See 110 Ohio Laws 299, effective July 30, 1923.)

We call attention to the various amendments for the reason that it is apparent that the trial court in the instant case followed the pronouncement laid down in the case of **State, Ex Rel, Griffin v Zimmerman, 67 Oh Ap 272; 36 N. E. (2) 808,** decided by the *Court of Appeals for Hardin County,* March 22, 1941. A reading of that decision, by a divided court, indicates clearly that in holding that the reputed father is not liable for maintenance and support of his illegitimate child covering the period between birth and adjudication the major-

ity felt bound by the decision of the Supreme Court in the case of **State, Ex Rel, Beebe, v Cowley, 116 Oh St 377; 156 N. E. 214.**

This court feels the position taken by the majority of the court in the Griffin case is not supported by the Supreme Court in the Beebe v Cowley case. The Supreme Court had before it a statute that had been amended April 5, 1923 whereby the provision that the reputed father was charged with the child's maintenance had been eliminated, and, in lieu thereof, provisions were made whereby he was charged only with the mother's support, maintenance and necessary expenses caused by her pregnancy and child birth. Therefore, the reputed father not being liable for the maintenance and support of the child under the bastardy statute but rather under the nonsupport statute of course it follows that any judgment in the bastardy proceeding compelling him to pay maintenance and support from the time of birth to the time of adjudication is erroneous. That is what the Supreme Court holds. But since the amendment in 1938 the Beebe v Cowley case has no application in so far as it adjudicated the liability of the father for the care and maintenance of the child.

The Statute as it now exists makes provision that in the event the child is not born alive or is not living at the time of adjudication that the court shall make an order compelling the reputed father to pay the complainant a reasonable amount for maintenance and support of said child until its death, and its funeral expenses. This court cannot subscribe to an interpretation that will compel the reputed father to pay for the period in question only in the event the child is deceased at the time of adjudication. The legislature never so intended. Rather it is the intent and purpose of the legislature as clearly set forth in the statute that the father shall support the child from birth until eighteen years of age and then provision is made that this maintenance and support shall even be paid, although the child is dead at the time of adjudication, for that period that the child lived and for its funeral expense.

If there is any doubt existing by reason of the legislature not specifically having said that the weekly payments commence at the birth of the child that doubt must be resolved, if possible, with the thought in mind of avoiding an injustice, hardship, or an absurdity. **37 O. Jur 642 to 649, Sections 351 to 353.**

The child in the instant case was born February 20, 1945 and was more than two years of age when the court entered the order compelling the defendant to pay for its maintenance and support from and after April 19, 1947. It is conceeded that

had this child died a few days prior to this adjudication that the defendant would not only have had to pay from the time of its birth but the funeral expenses in addition thereto. Did the legislature intend such an absurd thing that if the child was fortunate enough to be alive at the time of adjudication the father would be relieved of all responsibility for its maintenance and care during the past two years? We think not.

We are not alone in finding ourselves in conflict with the Third District Court of Appeals. The Ninth District Court of Appeals for Summit County had this same question before it in the case of Fisher v Davis, decided November 6, 1944 (unreported), and there held that the reputed father is liable for the care and maintenance for the time elapsing between the birth and adjudication. That case was certified to the Supreme Court as being in conflict with the Griffin v Zimmerman case, supra, but the matter was adjusted and the case was never taken to the Supreme Court.

It is our opinion that the trial court in the instant case committed prejudicial error in refusing to grant the motion of complainant to fix an amount for care and maintenance and support of the child from the time of its birth and that therefore the judgment of the trial court in so far as it relates to that phase of the case is reversed and cause remanded with instructions to fix a fair and reasonable amount for such maintenance and support for the period in question.

Judgment reversed and cause remanded.

GILLEN, PJ, and McCURDY, J, concur.