STATE, ex rel GILL, Plaintiff-Appellee, v. VOLZ, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4139.   Decided October 5, 1948.

Gale R. King, Columbus, for plaintiff-appellee.
Clarence M. Addison, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.:

The appeal is from an order fixing payment for support of a child, maintenance and necessary expenses of the mother of the child caused by her pregnancy and childbirth. The order was made following a verdict of a jury, finding the defendant guilty on a complaint that he was the father of a bastard child born to said Joan Ruth Gill.

Chronologically, the material proceedings occurred as follows: Complaint filed June 28, 1946; Verdict of the Jury September 29, 1947; Motion for new trial October 1, 1947; Judgment from which the appeal is prosecuted December 19, 1947. Six errors are assigned, three of which are pressed in the brief of the appellant and in oral argument. These three are:

(1) The Court erred in accepting a verdict of less than twelve jurors.

(2) The Court erred in not entering any judgment after the return of the verdict of the jury, adjudging the defendant-appellant to be the father of the bastard child.

(3) The Court erred in entering a money judgment for the support of the bastard child from date of its birth to the date of the trial, and not entering any judgment at all against the defendant-appellant for the reason that he had not been adjudged the father of the bastard child.

The first question, namely, the invalidity of the verdict signed by less than twelve members of the jury was passed on by the Trial Judge in a motion for new trial filed after the verdict and before any written entry carrying the verdict into formal adjudication. If appellant's contentions as to the second assignment of error, namely, that there must be an adjudication on the verdict of guilty, is well made, then

the motion for new trial directed to the verdict of the jury was untimely filed and any pronouncement thereunder is without any formal effect as an adjudication. **Sec. 11578 GC** which is controlling of the matter requires that the motion for new trial be made within ten days after the journal entry or final order, judgment or decree has been approved by the Court in writing and filed with the Clerk for journalization * * *. If the proceeding is a civil action, none of the questions sought to be raised by the motion for new trial could be properly presented because no judgment had been entered on the verdict. **Sec. 11576-1 GC.**

However, counsel and the Court, apparently by common consent, gave consideration to the motion for new trial one of the grounds of which was the question whether or not a bastardy proceeding was such a civil action as would support a verdict returned by nine or more of the jurors.

We have considered and given attention to the memorandum opinion of Judge Leach, who passed on the first motion for new trial, and are in accord with the conclusion which he has reached and upon the authority, in the main, of the cases which he has cited, namely.

**Kline v. State ex rel St. Clair, 20 Oh Ap 191.**

**Schneider v. State ex rel Shorf, 33 Oh Ap 125.**

**Reams v. State ex rel Favors, 53 Oh Ap 19.**

Clutts v. State ex rel Dolan, 20 O. N. P. N. S. 478.

**Durst v. Griffith, 43 Oh Ap 44.**

**State ex rel Pennington v. Barger, 74 Oh Ap 58.**

No one of these cases is decided by the Supreme Court but they are from Appellate Courts and Nisi Prius Courts of eminence and there is such unanimity of opinion and judgment as to be most compelling on this Court, especially as there is no case to the contrary to which we have been cited or of which we have any knowledge. Finally, we have heretofore decided the questions in **State ex rel Merrill v. Moore,** No. 1969, Montgomery, April 17, 1948 (**52 Abs 301**), and are of opinion that this judgment is correct. An early case which went to the Supreme Court is that of Grier v. Freytag, 7 O. D. Re. 304, was reviewed in **31 Oh St 147,** and the judgment reversed. In that case the Trial Court had expressly held that bastardy was a civil proceeding. Whether or not this was urged as error in the Supreme Court does not appear in the report but it was not assigned as a ground for the reversal.

The second error assigned is that the Court erred in not entering any judgment upon the verdict of the jury. We are constrained to hold that this assignment is well made.

It is more vital that there be a judgment in view of the fact. that we hold that the action here is civil. It is almost a truism to say that until an order is entered upon a verdict or finding there is no judgment of the Court. A reading of the controlling statute compels the conclusion that an adjudication on the verdict is mandatory. Sec. 12123 GC provides:

"If, in person or by counsel, the accused confesses in court. that the accusation is true or if the jury find him guilty, ▌ **he shall be adjudged the reputed father of the illegitimate child** if said child is alive and the Court shall thereupon adjudge that he pay to the complainant such sum as the Court may find to be necessary, etc." (Emphasis ours.)

It is manifest that it is a requisite that there be a formal adjudication that the accused is the reputed father of the illegitimate child and this is a prerequisite of the further adjudication as to the payment of support, maintenance, etc. Devinney v. State, W. 564.

The third error assigned is in the entering of a money judgment for the support of the bastard child from the date of its birth to the date of the trial.

The child was born August 21, 1946, trial had beginning Sept. 26, 1947, and support and maintenance order made December 19, 1947. So that, between the date of the birth and the date of the support order, some eighteen months. elapsed. It is the claim of appellant that the controlling statute, §12123 GC, does not authorize an award for support. and maintenance of the child for any period of time prior to verdict.

The pertinent parts of §12123 GC are:

"If in person or by counsel, the accused confesses in court. that the accusation is true or, if the jury find him guilty, he shall be adjudged the reputed father of the illegitimate child if said child is alive, and the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and child birth together with costs of prosecution and a reasonable weekly sum to be paid complainant for support and maintenance of said child up to eighteen years of age. In the event said child is not born alive, or is not living at the time of said plea or finding of guilty, the court shall order the accused

to pay the complainant such sum as the court may find to be necessary for her support, maintenance, and necessary expenses caused by pregnancy, including therein a reasonable amount for maintenance of said child until its death, and its funeral expenses. * * *"

Counsel for both parties cite **State ex rel Beebe v. Cowley, 116 Oh St 377,** and **State ex rel Griffin v. Zimmerman, 67 Oh Ap 272** and appellant relies on this latter case.

When the Cowley case was decided, §12123 GC was plain in its purpose to restrict the judgment to support maintenance and expense money caused by pregnancy and child birth for the complainant only. No provision whatever was made or intended to be made for the support or maintenance of the child.

Manifestly, the basic intent of §12123 GC was changed when it was amended and reenacted in its present form. As the section now reads, one of its dominant purposes is to provide support and maintenance for the child up to eighteen years of age in the bastardy judgment and this obligation is placed upon the putative father. Is it probable that the legislature intended that the father should be liable for such obligation only after adjudication? We believe that such a holding kills the central purpose of the section as amended. As Judge Crow said in the dissenting opinion in the Zimmerman case, the words "weekly sum" as used in the section, fixing the time when the support of a living child shall begin presents the only ambiguous feature of the statute.

The provision for maintenance of the child, if not born alive or not living at the time of the adjudication, that the court shall fix a reasonable sum for maintenance of said child until its death, is consistent with the construction that in all parts of the section it is intended that the obligation upon the father for the support and maintenance of the child shall begin at birth and shall continue until eighteen years of age or death, if it intervenes sooner, and in either instance this shall be recognized in the money order made by the court. The provision for reasonable "weekly sum" should not, in our judgment, prevent the application of the manifest purpose of the section. The trial court should make the provision for the child on the basis of a weekly sum from birth, which amount should be computed to the date of the support order and thereafter until eighteen years of age.

The bastardy statutes have throughout the years been shaped largely with the purpose of making the most satisfactory

enactment to protect both the mother and the child. Prior to the 1923 amendment to §12123 GC, which amendment was under consideration in the Cowley case when the accused was adjudged the putative father, the court fixed a lump sum which the father was required to pay to the mother for her support and the support and maintenance of the child. Because of the inadequacy of these awards or the improvidence or necessity of the mother, these sums were soon dissipated and thereafter there was no remedy afforded whereby society could be protected against the obligation of maintaining the child if the mother was unable to do so.

In Creisar v. State, 97 Oh St 16, it was held that there could be no prosecution against the father of an illegitimate minor child under eighteen years of age for failing to care for, support and maintain such minor child. The section, as amended in 1923 and which the court had under consideration in the Cowley case, took away any authority of the court to make a money award for the support and maintenance of the child but assured to the State the right to prosecute the father for non-support. The present section not only assures money award for the support and maintenance of the child but also retains the provision that such award is no bar to the prosecution of the accused for failure to support his illegitimate child under the applicable provision of any statute. The whole trend of the legislation is to lend the assistance of the law to the enforcement against the father of his obligation to support and maintain his child and it is not probable, and to us it seems a strained construction of the statute to hold, that it was intended that this obligation should not begin from the date of the birth of the child.

There is conflict between our conclusion and the judgment reached in the Zimmerman case and we will, if required, make the necessary certificate of conflict to the Supreme Court.

Since this opinion was written the case of Willis v. Wilson, 51 Abs 122, 38 O. O. 1, of October 4, 1948, Court of Appeals for Lawrence County, comes to our attention, wherein §12123 GC, is construed as we have interpreted it.

We have considered the other errors assigned and do not find them well made. The judgment will be reversed.

Appellee has filed a motion for an order of diminution of the record and tenders an entry which we are requested to direct the Trial Judge to enter. The motion was urged only in the event that we decided that the judgment on the verdict should adjudge the defendant to be the putative father of the child. Before the order of this Court on this appeal is

journalized we will dispose of the motion and give counsel for the appellant five days to express his written opinion as to the right of the appellee to have the motion sustained.

WISEMAN, PJ, and MILLER, J, concur.

## ON MOTION OF APPELLEE

No. 4139. Decided October 27, 1948.

By THE COURT.

Submitted on motion of appellee for an order of diminution of the record by directing the Trial Judge to enter judgment on the verdict of the jury that the defendant is the father of the illegitimate child.

We have examined the question and are of the opinion that such an order is not the office of a diminution of the record. Any subsequent entries in this case should be made upon the original order of the trial Judge.

The motion will be overruled. The cause will be remanded for further proceedings according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.