**STATE, Plaintiff, v. MAJOR, Defendant.**

Common Pleas Court, Summit County.

No. 24944. Decided November 16, 1950.

Alva J. Russell, Pros. Atty., Robert I. Azar, Asst. Pros. Atty., Akron, for the State of Ohio.

James M. Hinton, Joseph J. Wozniak, Akron, for defendant.

### OPINION

By WATTERS, J.

The court orally delivered his opinion on this matter, but held it in abeyance for final study.

The court still believes that the defendant is not entitled to inspect or copy any written statements or confessions of

the defendant that may be in the hands of the prosecuting attorney.

There is a grave doubt under the authorities whether §§11551, 11552 GC, etc. apply to criminal cases at all.

See State, Appellee v. Johnson, Appellant, Mont. Co. Court of Appeals, 57 Abs, 524, second syllabus. (Ohio Bar Oct. 23, 1950.)

The appeal to the Supreme Court was dismissed (See Nov. 6th, 1950 Ohio Bar, page 236). (See also 52 Abs 523.) Also see the earlier cases of State v. Rhoads, 81 Oh St, 397, and State v. Yeoman, 112 Oh St, 214. The syllabus in this latter case is directly in point.

It is true, as contended by the defendant, that the Rhoads and Yeoman cases above were decided before the legislature in 1929 passed §13444-1 GC, which is as follows:

"The rules of evidence in civil cases in so far as the same are applicable, shall govern in all criminal cases except as otherwise provided in this code."

However in 1937, in the case of State v. Hahn, 10 O. O. 29, (affirmed in Court of Appeals, 11 O. O. 560) the court held §11552 GC not applicable to a criminal case.

See also the Johnson case above, 57 Abs, 524.

The Cuyahoga County Court of Appeals, in 1940 discussed this matter in State v. Cala, 20 O. O. 400, and lays down the rule that the allowance of a request to order the prosecuting attorney to permit the defendant to inspect and copy a confession is within the sound discretion of the trial court. The question then becomes one of abuse of discretion.

This latter court contained the following language in the opinion regarding the case of State v. Fox, 133 Oh St 154:

"It is said that the Supreme Court has indicated in State v. Fox that this section is applicable in criminal cases, and that it gives the defendant an absolute right to inspection. The syllabus to that case contains nothing whatever upon the subject, and the most that can be said is that the judge who wrote the opinion believed the section was applicable. He did not say the court was required under all circumstances to grant the request. That question was not involved."

Personally discussing the Fox case—it will be observed that the question there involved was that of joint or separate trials of the defendants. There was also involved the question of a written confession signed by the defendant Barker.

I would say in a case of forgery for instance the defendant would be entitled to inspect and copy all of the claimed forged instruments and other documents of hand writing, etc. that the State expected to offer, so the defendant would

be able to prepare his defense, as to handwriting experts, etc. See 54 **Oh Ap 496,** the McNary case, under the Banking statutes.

Also it may be that under the authority of the dictum in the Fox case, the Supreme Court would hold that a **written signed confession of the defendant** which the State anticipated offering in evidence as a document and exhibit in the case, would be subject to inspection and copy by the defendant, otherwise it could not be introduced as an exhibit. However I believe, even then nothing would prevent the State calling witnesses who heard the defendant make the statement as to various admissions made, and the State could probably use parts of it for impeachment purposes when the defendant testified.

In any event it is interesting to note that the Supreme Court, in **154 Oh St 236** (Oct. 11, 1950) did not allow the Johnson case **(57 Abs, 524)** cited above, to come before it when it could have flatly decided the applicability of §§**11551** and **11552** GC to criminal cases.

See Ohio Bar for November 6, 1950, at page 236.