**STATE, Plaintiff-Appellee, v. POTTS, Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 186. Decided July 1, 1953.

Forrest E. Sidener, Jr., Pros. Atty., London, for plaintiff-appellee.

Harvey Crow, Urbana, for defendant-appellant.

# 76

## OPINION

By THE COURT:

Submitted on motion of appellee to strike the bill of exceptions and dismiss the appeal for the reason that the bill of exceptions was not filed within the time fixed by §13445-1 GC.

The motion for new trial, after judgment and sentence, was filed on the 25th of April, 1953. The notice of appeal was filed the same day, the bill of exceptions was settled, allowed and filed with the Clerk of the trial court on June 4, 1953. Forty days elapsed between the date of the overruling of the motion for new trial and the filing of the bill of exceptions.

Sec. 13445-1 GC provides

"The Court shall fix the time within which such bill of exceptions, or objections, shall be filed which, in no case, shall be more than 30 days from the overruling of the motion for new trial."

A similar statute, §11564 GC, controlling the time of filing of bill of exceptions in civil cases has been held, without exception, to be mandatory. We have held in **State v. Jarcho, 65 Oh Ap 417** that the provision of §13445-1 GC as to the time within which the bill of exceptions shall be filed is mandatory. That part of the motion seeking to strike the bill of exceptions must be sustained.

No briefs have been filed by appellant and an extender of time has been granted upon the representation that it was agreeable to the Prosecuting Attorney who was out of the county when the entry was approved.

An examination of the motion of defendant for new trial discloses that there are 22 grounds all of which, presumably, would be urged in this court by the assignment of errors and brief of counsel for appellant. An examination of these assigned grounds for the motion discloses that most of them would require consideration of the subject matter found in the bill of exceptions; thus, could not be exemplified without such bill.

Ground No. 22 of the motion for new trial is "Other errors apparent on the face of the record to the prejudice of the defendant and by reason of which he was prevented from having a fair trial as affirmatively appears from the record." It may be that appellant will rely upon some claimed error which may be exemplified from the record independent of the bill of exceptions. Until we have advantage of the specific claims under the assignments of error it would be improper to sustain the motion to dismiss the appeal or affirm the judgment.

Any assignment which may be urged independent of the bill of exceptions could probably be heard and determined on the appeal.

The second branch of the motion will, therefore, be over-ruled.

WISEMAN, PJ, MILLER & HORNBECK, JJ, concur.

**STATE, Plaintiff-Appellee, v. POTTS, Defendant-Appellant.**

No. 186.  Decided October 16, 1953.

### OPINION

By THE COURT:

One assignment of error only is presented for consideration. namely; that the Court erred in refusing to permit defendant or his attorney or authorized agent to inspect any written matter or other evidence, including any gun or guns or bullet, that said Prosecutor has in his possession and expects to use in the trial of the above case assigned for hearing March 23, 1953.  Counsel for appellant cites and relies upon a statement of the writer of the opinion in **State v. Fox, 133 Oh St 155,** which is

"Counsel for the defendants had the right to examine the confession before it was offered in evidence and submitted to the jury, and could have moved to eliminate that particular part, which motion the Court might properly have granted."

In **State v. Major, 60 Abs 272,** this Court had occasion to discuss the Fox case.

In the Fox case, the confession was offered and admitted without any motion of the defendant to examine it before formally admitted and without objection.  No doubt, the

Court at the time of its proffer upon request would have given counsel opportunity to then examine the confession.

That is not the situation presented in this case. The motion as to the confession under consideration was made and disposed of before the cause came on for trial. The question here presented is determined adversely to appellant in **State v. Yoeman, 112 Oh St 214.** There is no sufficient showing as the record comes to us which would permit us, in any view, to find that the refusal to submit the other items included in the motion was prejudicial to the deffendant.

The judgment will be affirmed.

WISEMAN, PJ, MILLER & HORNBECK, JJ, concur.