**STATE, Plaintiff, v. REGEDANZ, Defendant.**

Common Pleas Court, Mercer County.

No. 3400.   Decided December 12, 1953.

Don W. Montgomery, Pros. Atty., Celina, for the state.

James C. Blair, W. Howard Everett of Everett and Blair, Lima, for defendant.

## OPINION

By DULL, J.

A certain request in writing from counsel for defendant was submitted in open court to the prosecuting attorney. The request was orally refused by the prosecuting attorney. The request reads as follows:

"Now come James C. Blair and Howard Everett, attorneys for the defendant and demand an inspection and copy or permission to make copies of the hospital report concerning a certain blood test purportedly taken of the defendant; and the right to interview the technician who was the party who prepared said purported report."

The matter was submitted to the court upon the memoranda of counsel for defendant and of the prosecuting attorney.

The first part of the request demands "an inspection and copy or permission to make copies of the hospital report concerning a certain blood test purportedly taken of the defendant." **Sec. 2317.33 R. C. (§11552 GC)** provides:

"Either party, or his attorney, in writing, may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession or under his control, containing evidence relating to the merits of the action or defense, specifying the book, paper, or document with sufficient particularity to enable the other party to distinguish it. If compliance with the demand within four days is refused, on motion and notice to the adverse party, the court or judge may order the adverse party to give the other, within the time specified, an inspection and copy, or permission to take a copy of such book, paper, or document. On failure to comply with such order, the court may exclude the paper or document if offered in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume it to be such as such party, by affidavit, alleges it to be. This section does not prevent a party from compelling another to produce any book, paper, or document when he is examined as a witness."

**Sec. 2945.41 R. C. (§13444-1 GC)** provides:

"The rules of evidence in civil causes, where applicable, govern in all criminal causes."

The court has been unable to find any cases containing a ruling directly upon a demand to inspect and copy the report of a chemical test of blood voluntarily submitted to by the defendant, nor has counsel submitted any, with the possible exception of State of Ohio v. Hahn, citations infra. However, the matter of demands to inspect and copy written statements and confessions of the defendant has been ruled upon by the courts in connection with §2317.33 R. C. (§11552 G. C.). The analogy between a report of a chemical test of blood voluntarily submitted to by a defendant and a written statement or confession of a defendant is a peculiarly close one. Each must be voluntarily submitted to or made. Each is a record or statement against interest. The admission of each in evidence must be carefully safeguarded. Once admitted, the weight of each must be carefully considered. Hence, the rulings in the cases relative to demands to inspect and copy written statements and confessions of the defendant provide the court with some authority for ruling in the present case.

The last time the Supreme Court of Ohio made any comment on the matter was by way of dictum. In the **State of Ohio v. Fox, 133 Oh St 154,** decided January 12, 1938, Judge Zimmerman in the course of the opinion on pages 158 and 159 states:

"Under §13444-1 GC, the rules of evidence in civil cases, in so far as applicable, shall govern all criminal causes. Counsel

for the defendants in the instant case could have inspected the written confession of their client Barker in the hands of the prosecuting attorney before trial by invoking the provisions of §11551 et seq., GC, if necessary, and could have predicated an application for a separate trial of their client Fox on the basis of the contents of such confession. This was not done, so we have no issue relating to an abuse of discretion on the part of the trial court in refusing to order separate trials. 70 A. L. R., annotation beginning on page 1185.

"Sec. 13444-1 GC, became effective in July of 1929, more than four years after the decision in State v. Yeoman, 112 Oh St .214, 217, 147 N. E. 3."

In such statement the State of Ohio v. Yeoman, 112 Oh St 214, decided March 17, 1925, was overruled by implication. In the Yeoman case the Supreme Court in the syllabus held that: "In a criminal case, the defendant cannot compel the prosecuting attorney to submit to him or his counsel a written confession, signed by the defendant, and in the possession of the prosecuting attorney, for the purpose of inspection and copy. Neither §11552 GC, nor §13664 GC, requires the giving of such inspection."

However, in State of Ohio v. Hahn, 10 O. O. 29, decided November 28, 1937, the Common Pleas Court of Hamilton County, in the syllabus held that: "2. Sec. 11552 GC, granting the right to inspect and copy any paper or document in the possession of the adverse party has no application to a criminal case." The Hahn case was affirmed in the Hamilton County Court of Appeals, 11 O. O. 560, decided February 7, 1938. But an appeal to the Supreme Court was dismissed, 133 Oh St 440, decided April 13, 1938.

Again in State v. Johnson, 57 Abs 524, decided May 5, 1950, the Montgomery County Court of Appeals in the syllabus held that: "2. Secs. 11551 and 11552 GC, which define the rights of a party to books or writings in the hands of the other party are not applicable in a criminal case." Again an appeal to the Supreme Court was dismissed, 154 Oh St 236, decided October 11, 1950. By permitting the Hahn case or the Johnson case to come before it, the Supreme Court could have decided whether or not §11551 and §11552 GC (§§2317.32 and 2317.35 R. C.) were applicable in criminal cases. But in two instances the Supreme Court refused to do this.

Still again, in State v. Major, 60 Abs 271, decided November 16, 1950, the Common Pleas Court of Summit County, in the syllabus held that: "1. Neither §11552 GC, nor §13444-1 GC, entitles the defendant in a criminal case to compel the prosecuting attorney to turn over to him or his counsel for the

purpose of inspection and copy written statements and confessions of defendant which are in the possession of the prosecuting attorney."

But in **State of Ohio v. Cala, 20 O. O. 400,** decided January 10, 1940, the Court of Appeals of Cuyahoga County, in the syllabus held that: "5. The granting or denying of defendant's request for an order to require the prosecuting attorney to permit defendant to inspect and make a copy of confessions is within the discretion of the trial court; and a review of a denial of such request is limited to a determination of whether there has been an abuse of discretion." In the course of the opinion on page 402 the court reviews the history of the pertinent statutes and leading cases. It stresses the fact that the language contained in the Statute (§2317.33 R. C.) is permissive: "the court 'may order' the adverse party to give the other party within the 'time specified' a copy or inspection. Who will specify the time? Manifestly, the court. And then if the order is not complied with the court 'may exclude' the document if it is offered in evidence. All this is language appropriate for vesting power or discretion in the trial court, to be exercised in the light of all the surrounding circumstances under which the request is made. It conveys no thought of a non-discretionary duty."

The position taken by the court in the Cala case is the one that most strongly appeals to this court's sense of justice and fair play. The prosecuting attorney has informed counsel for defendant both orally and in the memorandum submitted in this matter that the chemical test of defendant's blood showed the percentage of ethyl alcohol to be in excess of .15% which percentage has been accepted by some scientific authorities, and not accepted by others, as sufficient to cause the defendant to be under the influence of alcohol. Further, at the time a sample of blood was taken from the defendant by the state, the defendant could have had another sample taken and tested for his own use inasmuch as the blood was taken and tested at a local hospital. The counsel for the defendant will not be handicapped in the preparation of the defense, nor will the defendant himself be denied any opportunity that he did not have in the preparation of evidence by the court's denial of the demand of counsel for defendant for an inspection and copy of the report of the test of the defendant's blood.

The second part of the request demands the right to interview the technician who tested the defendant's blood and prepared the report of the test. This, in effect, is an application to the court for a commission and order of the court to take a deposition of a witness for the State.

**Sec. 2945.50 R. C.** (§13444-11 GC) provides:

"When an issue of fact is joined upon an indictment and a material witness for the state or the defendant is sick or infirm, or about to leave the state, or is confined in prison, or resides out of this state, the prosecuting attorney or the defendant may apply in writing to the court of common pleas for a commission to take the depositions of such witness. The court or a judge thereof may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant, before such witness shall be examined. Such commission shall not be granted and such order shall not be made until there is filed with the clerk of the court of common pleas, an affidavit stating in substance the evidence sought to be secured by the deposition, and that it is competent, relevant and material, and the court finds that such evidence is relevant, competent and material."

This statute provides that it is applicable only when an issue of fact is joined upon an indictment. The present action is based upon an information (in turn, based on an affidavit) filed by the prosecuting attorney. No indictment has been returned by a grand jury against the defendant.

In **Yunker v. The State of Ohio, 8 Oh Ap 157,** decided December 15, 1917, the court in the syllabus held that: "1. **Sec. 13668 GC,** authorizing the taking of depositions by an accused or the state, has no application when a prosecution is had before a justice of the peace, but applies only when an issue of fact is joined upon an indictment."

It is true that the prosecution is not being had before a justice of the peace but in the Court of Common Pleas. However, the prosecution could have been had before a justice of the peace. The defendant is not before the Court of Common Pleas as a matter of right.

The statute further provides that the application should show the existence of certain grounds or conditions upon which the taking of the depositions is authorized. That is to say, that the witness "is sick or infirm, or about to leave the state, or is confined in prison, or resides out of this state." No such grounds or conditions are stated in the defendant's request.

The statute further provides that such commission shall not be granted "until there is filed with the clerk of the court of common pleas an affidavit stating in substance the evidence sought to be secured by deposition, and that it is competent, relevant, and material, and the court finds that such evidence is relevant, competent, and material."

In **State of Ohio v. Carney, 14 O. O. 298,** decided April 13, 1939, the Common Pleas Court of Franklin County in the syllabus held that: "7. **Sec. 13444-11 GC,** provides that a commission to take the deposition of a witness in a criminal case shall not be granted until there is filed an affidavit stating in substance the evidence sought to be secured, and it appears to the court that such evidence is relevant, competent and material." No affidavit has been filed by the defendant in the present case.

However, even if all of the conditions set forth in the statute had been met by the defendant, the granting of such commission would rest in the discretion of the court.

"* * * the granting of the commission rests in the discretion of the court, it would seem to be proper, in all cases, to state in the application that the probable effect of the existence of the particular statutory ground assigned as a reason for taking the deposiiton would be to prevent the personal attendance of the witness at the trial in court, since it seems to be the policy of the law, in view of the nature of the grounds specified for taking depositions in criminal cases, to permit such taking only where there exists some degree of probability that the attendance of the witness at the trial cannot be secured. In this respect, the taking of depositions in criminal cases differs from their taking in civil actions. **14 O. Jur., pages 16 and 17.**

Again in **State of Ohio v. Anthoulis, 62 Oh Ap 113,** decided April 15, 1939, the court in the course of the opinion on pages 120 and 121 held that: "However that may be. under the provisions of §13444-11 GC, discretion is vested in the court, and this court will not disturb discretion so vested unless abused. The statute provides that the court or judge may grant such commission. Under the circumstances in this case we think there was no abuse of discretion in this action of the trial court. In the case of **Yunker v. State, 8 Oh Ap 157,** the court stated in commenting on §13668 GC, now §13444-11 G. C., that the granting of such commission rests in the discretion of the trial court and that 'a reviewing court would therefore not be justified in reversing the ruling of the trial court thereon unless it clearly appeared from the record that the trial court had abused its discretion in refusing such request.'"

Again it is the opinion of the court that counsel for the defendant will not be handicapped in the preparation of the defense, nor will the defendant himself be denied any opportunity that he did not have in the preparation of the evi-

dence by the court's denial of the application of counsel for the defendant for a commission and order of the court to take a deposition of a witness for the state.

Therefore, the entire request of counsel for defendant containing a demand for an inspection and copy of the report of the test of defendant's blood and an application for a commission and order of the court to take the deposition of the technician, a witness for the state, is denied.

Exceptions to this ruling are granted to the defendant.

The prosecuting attorney will prepare a journal entry accordingly.