**STATE, ex ADKINS, Appellee, v. MEFFORD, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6430.   Decided November 27, 1944.

Arthur C. Fricke, Cincinnati, and David L. Shannon, Cincinnati, for appellee.

B. J. Gilday, Cincinnati, and Fred L. Hoffman, Cincinnati, for appellant.

### OPINION

By HILDEBRANT, J.

A jury returned a verdict of guilty on May 3, 1944, finding defendant to be the father of a bastard child.

On May 4, 1944, the Court entered judgment on the verdict as follows:

"The jury having returned a verdict of guilty herein, it is ordered and adjudged by the Court that said Defendant,

James Mefford, is the reputed father of the bastard child of the complainant, Merlena Adkins, and that he stand charged in the sum of Two Hundred ($200.00) Dollars, payable at once, and the sum of Ten ($10.00) Dollars every two weeks, payable in advance, commencing as of the date of this entry, which sum the Court finds to be necessary for the support, maintenance, and expenses incurred by said complainant in the premises. It is ordered that said bi-weekly payment of Ten ($10.00) Dollars continue until the said bastard child shall have attained the age of eighteen (18) years.

"It is further ordered that said James Mefford give bond in the sum of Fifteen Hundred ($1500.00) Dollars that said order will be performed, and pay the costs of this proceeding, and if said James Mefford shall fail or refuse to give the bond herein ordered or pay said costs, he shall be committed to the jail of said county, there to remain until he complies with the order of the Court or is discharged as provided by law.

"To all of which defendant, through counsel, excepts, and especially that said bond shall cover said bi-weekly payments of $10.00."

On the same day, bond conditioned in conformity with the judgment was executed by defendant and filed, containing the following notation under the hand of the trial court:

"Said Mefford signs said bond under protest as to the bi-weekly payments mentioned therein."

A motion for a new trial was filed May 6th, 1944, and overruled May 9th, 1944. This appeal is on questions of law.

Amongst the claimed errors are:

(1) The trial court erred in entering judgment before the time for filing of a motion for a new trial had expired.

(2) The bond which the trial court required defendant-appellant to give is contrary to law.

To sustain the first ground mentioned above, defendant cites §11599 GC, and **Boedker v Richards Co., 124 Oh St 12**, with which the Court is familiar. The above section occurs in Part Third—Remedial—Title IV—Procedure in Common Pleas Court—Division IV. Judgment; having to do with the manner of giving and entering judgment in civil cases.

The bastardly statutes occur in Division VIII of Part Third, Title IV of the Code, denominated Quasi-Criminal Actions, and, are, therefore, special proceedings so that a

jury's verdict in a bastardy case may well be viewed as a special verdict, subject primarily to the code provisions of Division VIII, and not necessarily controlled by the provisions applicable to civil actions generally.

It is obvious that a bastardy proceeding is special—being neither an all civil nor all criminal proceeding, but procedurally has some of the attributes of both. The warrant, arrest, recognizance, form of verdict of guilty all suggest the criminal procedure, while the quantum of proof, for example, suggests the civil action.

In a criminal case, while the statutes provide for a motion for new trial, they do not provide any comparable section to §11599 GC, to postpone the entering of the verdict, but rather by §13448-6 GC, require it to be immediately entered. It is familiar practice to pronounce sentence in a criminal case immediately after verdict and frequently with the jury still in the box, which practice has been upheld in **Daugherty v State, 24 Oh Ap 212,** wherein the following appears in the syllabus:

"4. Filing of motion for new trial under §13746 GC, does not as a matter of law suspend final judgment or sentence until after trial judge overrules motion, and overruling of motion is not condition precedent to passing of sentence on accused or entry of final judgment.

"5. Where defendant was convicted of highway robbery, trial judge, if satisfied that no errors 'during trial prejudiced defendant's rights, had legal right to pronounce sentence immediately after verdict."

Sec. 12123 GC, provides in part:

"* * * if the jury find him guilty, he shall be adjudged the reputed father of the illegitimate child if said child is alive, and the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and childbirth together with costs of prosecution, and a reasonable weekly sum to be paid complainant for support and maintenance of said child up to eighteen years of age. * * *"

It would therefore appear that upon the return of a jury's verdict of guilty in a bastardy case, the duty simultaneously rests upon the judge to, thereupon, which words

connotes, at once, proceed to obey the mandate of the statute, and no postponement of that duty in deference to a possible new trial motion is indicated or required.

In 15 Am. Jur., p. 108, it is stated:

"* * * In the absence of statute, the trial court may pass sentence on the defendant in a criminal case before a motion for arrest of judgment and for a new trial has been passed upon, and before the time allowed for filing such motion has expired."

See, also: State v DeGrace, 144 Or., 159, 22 Pac. (2d), 896; 90 A. L. R. 232.

This Court, therefore, concludes that it was not error for the Court to proceed to judgment as in this case.

Coming now to a consideration of the second assignment of error, set forth above, it appears that the judgment of the trial court must, with respect to the giving of the bond, be modified, so that the obligation of the bond runs only to the requirements of the statute, §12123 GC, which says:

"The court shall require the reputed father to give security for the payment of support, maintenance and necessary expenses of the complainant caused by the pregnancy and childbirth together with the cost of prosecution."

The language of the statute falls short of requiring the bond for the support of the child and indicates the intention of the legislature to protect against non-performance of that obligation by the non-support statutes, rather than to include it in the bond here required.

Numerous other errors are assigned, but on examination of the record, the Court finds no error pejudicial to appellant with respect thereto.

It is the order of this Court, therefore, that the judgment of the trial court be modified to limit the obligation of the bond required to payment of the support, maintenance and necessary expenses of the complainant caused by the pregnancy and chidbirth, together with the cost of prosecution, and the bond to be corrected accordingly.

The judgment as modified is, therefore, affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, JJ., concur in the syllabus and opinion.