therefore, affirmed, and the cause remanded for further proceedings according to law.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur in the syllabus, opinion and judgment.

THE STATE, EX REL. NIVEN, APPELLEE, *v.* TOMBLIN, APPELLANT.

(No. 3916—Decided April 23, 1948.)

*Mr. Charles C. Jenney,* for appellee.
*Messrs. Moyer & Benedict,* for appellant.

DOYLE, P. J. Charles Tomblin, the appellant, was "adjudged * * * the reputed father" of a child born out of wedlock, under authority of Section 12123, General Code (119 Ohio Laws, 731), in the Municipal Court of the city of Barberton. The court then (1) awarded a fixed amount to the mother for her "support, maintenance and expenses caused by pregnancy and childbirth"; (2) ordered that "the said Charles Tomblin pay to the complainant, the sum of four dollars a week for the support and maintenance of the said child up to 18 years of age * * *."

Several months after the order was entered in the court's journal, the complainant moved in writing for an increased amount for the support of her child—to wit, "from the sum of four dollars a week to seven dollars a week."

To this motion the adjudged father answered as follows: (1) "that he has fully complied with all of the provisions" of the court's order; (2) "that he is not in arrears with any payment whatsoever"; and (3) that the court was "without jurisdiction to modify, alter or in any manner change its order heretofore made * * *."

On the issues so made, a trial was held, and at the conclusion thereof the court ordered payment of $7 a week for the support and maintenance of the child.

The appeal to this court is from this last order, and challenges the right of the court to increase in amount a previously-made award. Specifically, the appellant charges that "the court was without authority or jurisdiction to amend its order of June 30, 1947, which provided for the support of said minor child; the court having changed the above judgment on December 6, 1947, by increasing the amount for the support of said child as provided in the order of June 30, from $4 per week to $7 per week."

A bill of exceptions has not been filed, and in the absence thereof we indulge the presumption that the trial court had before it sufficient evidence to justify an increase of the former award, if the court had the right in law to make such change. Further, under the pleadings and the record before us, we accept as a fact that the adjudged father was not in arrear, and that he had fully complied with the court's first order.

It may be generally stated that, under the common law, a reputed father was under no legal duty to support his illegitimate child. Early in the development of the jurisprudence of this state, the Legislature re-

jected the common-law doctrine and imposed a liability upon the putative father to "maintain" his bastard child, apparently upon the theory of (1) a moral obligation, and (2) a protection for the state against expenses of its maintenance.

In 1923 the Legislature amended the statute (Section 12123, General Code) and eliminated the previous statutory requirement for maintenance. *State, ex rel. Beebe,* v. *Cowley,* 116 Ohio St., 377, 156 N. E., 214. However, this amendment of the Bastardy Act specifically provided that it should not be construed as a bar to the prosecution of the father for failure to support his illegitimate child under the provisions of other statutes.

In 1938 the bastardy statute was again amended, and there was reincorporated in it a provision for the maintenance of the bastard child by the father. And in 1941 a further amendment provided that, in a prosecution (criminal) for nonsupport, "the adjudication that accused is the reputed father of the illegitimate child or children shall be admissible in evidence; and provided further that the acquittal of accused in a bastardy proceeding shall be a bar to any such prosecution."

It appears that the Legislature, in so far as it has concerned itself with the prosecution of fathers for nonsupport of their children, has, with minor exceptions, placed illegitimate children "on an even plane" with legitimate children. And it appears further that, when the Legislature, by its amendments of the Bastardy Act (Section 12123, General Code) in 1938 and 1941, undertook to require the reputed father of the bastard child to pay "a reasonable weekly sum * * * for support and maintenance of said child up to eighteen years of age," it did not thereby intend to preclude the court from determining from time to time as the years advanced, and upon motion duly made,

what would be "a reasonable weekly sum" at the time of the motion.

In the interpretation of statutes empowering courts to order a father to support his *legitimate* child by timely payments, the courts of this state have applied a sound public policy by holding that "the jurisdiction exercised by the courts in such matters is a continuing jurisdiction to modify such orders after term, if it be found that changed conditions warrant such modification; and such jurisdiction may be exercised although there is no reservation of authority to modify in the decree." *Nash* v. *Nash,* 77 Ohio App., 155, at p. 157, 65 N. E. (2d), 728.

And, see, *Corbett* v. *Corbett,* 36 Ohio App., 321, 173 N. E., 316 (affirmed, *Corbett* v. *Corbett,* 123 Ohio St., 76, 174 N. E., 10).

This court, in consideration of the statutes now extant and of a wise public policy which looks primarily to the welfare of the child, whether legitimate or illegitimate, is of the opinion that the Barberton Municipal Court, a court of record, had continuing jurisdiction in the instant case to modify its order upon a proper showing, even though there was no reservation of authority to modify, and even though the reputed father was not in arrears under the previous order.

We find no reasons in the statutes for the application of a different rule to illegitimate children than is applied to legitimate children, even though the latter's rights appear under different statutes.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS and HURD, JJ., concur.

HURD, P. J., of the Eighth Appellate District, sitting by designation in place of HUNSICKER, J.