**HALLAM, Plaintiff-Appellant, v. KAUFFMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4367. Decided February 9, 1950.

B. F. Hughes, Columbus, for plaintiff-appellant.
Lucas & Lucas, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

The appeal is on questions of law from a judgment of the Common Pleas Court dismissing appellant's petition which judgment was entered on a verdict of a jury. Motion for new trial was filed and overruled.

The action was for a breach of a contract whereby the defendant agreed to make certain repairs on the roof and guaranteed all plumbing to be in repair in a dwelling which defendant had sold to the plaintiff and also for damages claimed to have resulted by the failure of the defendant to remove certain of his personal property from a garage from the premises which was sold. The answer was a general denial and a special defense that the plaintiff had by written receipt released the defendant from any liability under the contract to repair the premises.

No reply was filed to the answer.

The first assignment asserts that the defendant did not prove that Mrs. Hallam, who signed the receipt set up in the special defense, was the agent of the plaintiff and authorized to act for him. This contention fails because the contract to purchase the real estate in question was signed jointly by the plaintiff and Margaret A. Hallam, his wife. Further, all the facts were developed respecting the conduct of the parties to the action in the real estate transaction. The court did not charge specifically on the question of agency and at no time during the trial was it claimed that Mrs. Hallam was not authorized to act for the purchaser.

The second assignment is that the plaintiff was surprised in the production of receipt by the defendant in settlement of any claim that the plaintiff might have by reason of the failure of the defendant to make the repairs. None of the elements of surprise is found in the developments respecting this receipt. It was pleaded in the answer which put the plaintiff on notice that it would be asserted as a defense at the time of trial. If there was any doubt in the mind of the plaintiff as to any essential particulars relative to the receipt it could have been reached by a motion to make the special defense definite and certain.

The third assignment is misconduct of juror No. 1. There is nothing whatever set out in the brief of plaintiff to support this assignment. We learn from the proceedings in the trial court that the conduct objected to was not in any manner brought onto the record and, therefore, could not be the basis for a new trial in the trial court, nor, for review here.

We have read this record in its entirety and are satisfied that Judge King accorded to the plaintiff every consideration to which he was entitled in the trial of the cause and that no error intervened to his prejudice.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.