BAUGH, APPELLANT, *v.*
CARVER, APPELLEE.

(No. C-800766—Decided
November 18, 1981.)

*Messrs. French, Marks, Short, Weiner & Valleau* and *Mr. Edmund S. Lee,* for appellant.

*Droder & Miller Co., L.P.A.,* and *Mr. Robert L. Goldman,* for appellee.

*Per Curiam.* This cause came to be heard upon an appeal from the Court of Common Pleas, Juvenile Division, Hamilton County.

On April 30, 1980, plaintiff-appellant, Barbara Baugh, filed the instant complaint against defendant-appellee, John M. Carver, alleging that appellee was the father of her illegitimate child, born March 20, 1980. On August 21, appellee entered a plea in open court admitting the allegations of the complaint, and at a subsequent hearing appellant was awarded a lump sum of $3,142.27 for expenses related to pregnancy and childbirth, and $35 per week commencing from August 21 and continuing until the child's eighteenth birthday. Thereafter, appellant filed a motion for a new trial, alleging that the judgment was grossly inadequate and otherwise contrary to law, which motion was overruled. From the court's overruling of the motion for a new trial, appellant has taken this timely appeal.

In her first assignment of error, appellant asserts, for a variety of reasons, that the trial court erred in overruling her motion for a new trial. In the first instance, appellant asserts that the award denies her the equal protection of law. Specifically, appellant asserts that the

support award of $35 per week is arbitrary and capricious in that it is substantially less than the "reasonable" sum for support and maintenance normally awarded legitimate children under similar circumstances. We disagree. While we take no issue with appellant's proposition that illegitimate children are entitled to the same considerations and protections as legitimate children under the Fourteenth Amendment to the United States Constitution., *e.g., Gomez* v. *Perez* (1973), 409 U.S. 535, 538; *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 188 [20 O.O.3d 196]; *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228, 234-235 [59 O.O.2d 264], we conclude from a complete review of the record that appellant has utterly failed to demonstrate any disparate treatment and, equally persuasive, that whatever dissimilarities may arguably be said to exist were solely the result of the child's illegitimate status. In essence, appellant failed to demonstrate the existence of a class of persons, of which her child is a member, who are subjected to discriminatory treatment. *E.g., State, ex rel. Soller,* v. *West Muskingum Local Bd. of Edn.* (1972), 29 Ohio St. 2d 148 [58 O.O.2d 347]; *State* v. *Buckley* (1968), 16 Ohio St. 2d 128 [45 O.O.2d 469], certiorari denied (1969), 395 U.S. 163. As such, the judgment of the trial court is not contrary to the equal protection guarantees of the Fourteenth Amendment. Insofar as the first assignment of error challenges the judgment on the grounds of equal protection, it is without merit and overruled.

Appellant also challenges that portion of the judgment which orders the support payments of $35 per week to commence with the date of adjudication, asserting that the court erred in not ordering the support award to commence with the date of the child's birth. We agree. Under the relevant provisions of R.C. 3111.17, where an individual is found to be the putative father of the child, the court shall order that "* * * a reasonable weekly sum be paid complainant for support and maintenance of the child until he becomes eighteen years of age. * * *" Appellee argues, in accordance with the holding in *State, ex rel. Griffin,* v. *Zimmerman* (1941), 67 Ohio App. 272 [21 O.O.253], that since a father owed no duty of support to an illegitimate child at common law, and since this statute does not expressly provide for a support obligation to begin at the date of birth, the trial court properly ordered the award to commence with the date of adjudication. See, also, *State, ex rel. Davis,* v. *Brown* (C.P. 1951), 60 Ohio Law Abs. 183.

Appellant, on the other hand, urges this court to adopt the reasoning contained in *Weaver* v. *Chandler* (1972), 31 Ohio App. 2d 243, where the court, after a careful review of the statute and relevant case law, held, at page 250, that the obligation of the father for support commences with the child's date of birth; and, this being so, the trial court had the authority under R.C. 3111.17 to order support payments to commence with the date of birth. The *Weaver* rationale is consistent with the holding of *State, ex rel. Raydel,* v. *Raible* (App. 1954), 69 Ohio Law Abs. 356, wherein the court upheld a support award dating from birth since the child was entitled to support until he reached the age of eighteen or death, whichever should intervene sooner. Accord, *State, ex rel. Gill,* v. *Volz* (1948), 85 Ohio App. 207 [40 O.O.152] (order of support commencing with the date of birth upheld); *Willis* v. *Wilson* (1947), 83 Ohio App. 311 [38 O.O. 1] (order of support commencing with date of adjudication reversed). See, also, *Jackson* v. *Berry* (May 13, 1981), Hamilton App. No. C-800267, unreported; *Harris* v. *Jones* (C.P. 1947), 34 O.O. 489.

Our review of the statute and the decisional law related thereto convinces us of the validity of the *Weaver, supra,* and *Raible, supra,* holdings. While the awarding of a monetary amount for child support is a matter generally within the discretion of the trial court, this does not

permit it to ignore the fact that, under R.C. 3111.17, the child is entitled to, and the father is obligated to provide, support from the date of birth. Where damages for support payments for the period from the date of the child's birth to the date of adjudication are prayed for and proved, as here, it is an abuse of discretion for the court to make no award of child support for that period in the absence of an affirmative demonstration of some circumstance which ought reasonably to relieve the father of this obligation and the child of this entitlement. In the instant case, appellant presented evidence on the issue of support commencing with the date of birth and there is nothing in the record to justify the failure of the court to award support commencing at that time. We conclude, therefore, that the court abused its discretion in not ordering the child support award to commence with the child's date of birth. Insofar as appellant's first assignment of error challenges the court's failure in this regard, it is well-taken and accordingly sustained.

Appellant further challenges the court's refusal to grant her attorney's fees incurred in prosecution of the instant action. We disagree. It is well-established that in the absence of a specific statutory entitlement to attorney's fees, the traditional rule of not awarding such fees or damages applies. *E.g., Euclid* v. *Vogelin* (1950), 152 Ohio St. 538 [41 O.O. 85]. In this regard, Ohio courts have repeatedly and specifically held that attorney's fees are not to be considered either as part of the costs of prosecution or as necessary expenses caused by pregnancy and childbirth under R.C. 3111.17. *E.g., State, ex rel. Beebe,* v. *Cowley* (1927), 116 Ohio St. 377; *State, ex rel. Raydel,* v. *Raible, supra.* As such, inasmuch as appellant's first assignment of error is based upon the court's refusal to award attorney's fees, it is without merit and accordingly overruled.

Appellant next challenges the trial court's refusal to order that appellee give surety for payment of the child support. This position is predicated upon R.C. 3111.17, which provides in pertinent part that:

"* * * The court shall further require the reputed father to give security for the payment of support, maintenance, and necessary expenses *of the complainant* caused by the pregnancy and childbirth, together with the costs of prosecution." (Emphasis added.)

Appellant misconstrues the applicability of this mandate. As this court held in *State, ex rel. Adkins,* v. *Mefford* (1944), 75 Ohio App. 215 [30 O.O. 554] (construing similar language in G.C. 12123, predecessor to R.C. 3111.17), the bond therein prescribed is confined to the payment of support, maintenance and expenses of the complainant and does not extend to the award for child support. We see no justification for departing from that reasoning in the instant case. The fact that appellee is a non-resident is of no consequence. Whatever may be said of the advisibility of demanding surety from non-resident fathers, it is enough to note that the General Assembly has not granted Ohio courts any authority to order such surety and it is not the province of this court to supply that which the legislature has failed to do. As such, the trial court did not err in refusing to order appellee to give security for the amount of child support. Inasmuch as appellant's first assignment of error is predicated upon the grounds of failure of surety, it is without merit and accordingly overruled.

Appellant also contends that the trial court erred to her prejudice in not awarding damages for lost wages or her support and maintenance during pregnancy. We disagree. The awarding of damages is a matter clearly within the discretion of the trial court under R.C. 3111.17. See, *Weaver* v. *Chandler* (1972), 31 Ohio App. 2d 243 [60 O.O.2d 405]; *State, ex rel. Niven,* v. *Tomblin* (1948), 82 Ohio App. 376 [38 O.O. 51]; *Pummell* v. *State, ex rel.*

*Hill* (1926), 22 Ohio App. 340. In the instant case, the court awarded appellant a lump sum of $3,142.27 plus $35 per week. There is no indication in the record that the court failed to follow the standards set forth in R.C. 3111.17 or that it failed to take into consideration all of the elements contained therein for awarding damages. Further, there is no showing that these damages are not, in fact, subsumed within the general award. Absent an affirmative demonstration on the record that the award was the product of an abuse of the trial court's discretion, the judgment cannot be disturbed. *Weaver, supra; Raible, supra.* Insofar as the first assignment of error is predicated upon the contention that the award did not contain damages for lost wages or support during pregnancy, it is without merit and accordingly overruled.

Finally, appellant contends that the trial court erred to her prejudice in failing to include in the award of damages an amount representing the value of the custodial care provided by her as mother to the child. We disagree. Aside from the fact that appellant has failed to demonstrate on the record that such an amount was not, in fact, included either in the general award or the child support, we note that appellant failed to raise this issue in the trial court. As such, appellant has waived her right to challenge the award based upon this argument. *E.g., Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 43 [70 O.O.2d 123]; *Carrothers* v. *Hunter* (1970), 23 Ohio St. 2d 99, 102 [52 O.O.2d 392]; *Mann* v. *Lewis* (1970), 22 Ohio St. 2d 191. Insofar as the first assignment of error is grounded upon the court's failure to award damages for custodial care, it is not well-taken and is accordingly overruled.

In her second and third assignments of error, appellant contends that the trial court erred in not properly ruling on her motion to compel discovery of certain income tax data of appellee and in not imposing any sanctions under Civ. R. 37.

Appellant, however, did not raise these issues in her motion for a new trial. Since her appeal is taken from the denial of that motion, she must be held to have waived any alleged errors not complained of therein. *E.g., Cincinnati* v. *Means* (App. 1974), 71 O.O. 2d 285; *Motorists Mut. Ins. Co.* v. *Auto Owners Mut. Ins. Co.* (App. 1955), 73 Ohio Law Abs. 71; *Hallam* v. *Kauffman* (App. 1954), 66 Ohio Law Abs. 255. Appellant's second and third assignments of error are not well-taken and are accordingly overruled.

The judgment of the trial court is, therefore, affirmed in part and reversed in part and the cause remanded for the sole purpose of awarding child support payment for the period from the date of birth to the date of adjudication.

*Judgment accordingly.*

BLACK, P. J., SHANNON and PALMER, JJ., concur.