### In re ADOPTION OF TAYLOR, Plaintiff–Appellee.

[Cite as *In re Adoption of Taylor* (1989), 61 Ohio App.3d 500.]

Court of Appeals of Ohio, Medina County.

No. 1742.

Decided Feb. 22, 1989.

---

*Richard J. Marco, Jr.,* for plaintiff.

*William L. Millard,* for defendant.

---

MAHONEY, Presiding Judge.

Appellant, Daniel Cosgrove, appeals from the judgment of the Medina County Probate Court granting appellee Mark L. Taylor's petition to adopt Daniel's natural son, Mathew. We affirm.

Mathew was born on June 20, 1983. Mathew's natural mother is Deborah Sue Taylor. Deborah and Daniel were never married and severed their relationship before Mathew was born. Mathew has resided with Deborah since his birth.

In 1985, Daniel and Deborah filed cross-actions in the Summit County Juvenile Court concerning paternity, custody, support and visitation. Prior to a trial on the merits, the parties reached an agreement on September 26, 1986, establishing appellant's paternity, ordering past and future support and providing for visitation. The juvenile court journalized the agreement on January 28, 1987.

On December 22, 1987, Mark filed a petition for the adoption of Mathew. Mark alleged that Daniel's consent to the adoption was not necessary since Daniel had unjustifiably failed to support or contact Mathew for a period of one year prior to the filing of the petition for adoption. Daniel countered by alleging that his failure to support or contact Mathew was justified since it was orally agreed among the parties, including the petitioner Taylor that Daniel would forgo visitation in exchange for retention of full parental rights and a waiver of child support. This agreement was allegedly subsequent to the agreement reached on September 26, 1986.

The trial court bifurcated the proceedings and determined that Daniel had not proven the existence of the subsequent agreement but that the petitioner had established by clear and convincing evidence that Daniel had unjustifiably failed to support Mathew since September 1986 and unjustifiably failed to visit or communicate with Mathew since October 1986. Accordingly, the judge found Daniel's consent was not necessary.

At a later hearing, the probate court found that the adoption would be in the best interests of Mathew and granted the petition. This appeal followed.

### Assignment of Error I

"The trial court erred in finding that the consent of the father, appellant, was not necessary under O.R.C. sec. 3107.07(A). The trial court found that an agreement reached and acted upon by the parties, rather than the journalization of a Decree of Paternity, was sufficient to begin the one year period established by O.R.C. sec 3107.07 during which the noncustodial parent must visit the child and pay support in order to make necessary his consent for an adoption."

In his first assignment of error, Daniel argues that the probate court could not dispense with his consent to the adoption of Mathew since he had not been adjudicated the father of Mathew for the requisite one year prior to the filing of the petition for adoption. We do not agree.

R.C. 3107.07(A) deals with the dispensation of a parent's consent to adoption. It provides:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

It is undisputed that the judgment entry of the juvenile court establishing Daniel as the natural father of Mathew was journalized less than one year prior to the filing for the petition for adoption. R.C. 3111.13(A) provides:

"The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes."

Thus, the question becomes whether time prior to the adjudication of parenthood may be considered as part of the requisite one-year period of R.C. 3107.07(A). We answer the question in the affirmative.

Daniel asserts that R.C. 3111.13(A) has only a prospective effect in that a person adjudicated the father of a child pursuant to R.C. 3111.13(A) has parental rights and obligations from the date of judgment entry forward. We disagree. We believe that it is the law of Ohio that the adjudicated natural parent of an illegitimate child has the duty to support such child from birth. *Baugh v. Carver* (1981), 3 Ohio App.3d 139, 3 OBR 157, 444 N.E.2d 58; *In re*

*Adoption of Foster* (1985), 22 Ohio App.3d 129, 22 OBR 331, 489 N.E.2d 1070. Furthermore, both R.C. 3111.13(C) and 3111.15(A) provide for the payment of expenses which arose prior to the judgment entry establishing paternity.

We do not think the preceding analysis is unduly burdensome in a proceeding to dispense with a parent's consent to an adoption. The fact that a person was contesting parentage or the fact that a person was unaware that he was the natural parent of a child being adopted would certainly be considered when determining whether the failure to support or contact such child was justifiable. Moreover, we find the analysis not at all burdensome to Daniel. In the instant case, Daniel acknowledged paternity and agreed to support Mathew a full sixteen months prior to the filing of the petition for adoption.

■ We find that a determination of parentage pursuant to R.C. 3111.13(A) less than a year prior to the filing of the petition for adoption does not bar the dispensation of consent of the person determined to be the parent.

Accordingly, Daniel's first assignment of error. is overruled.

### Assignment of Error II

"The trial court erred in finding that appellant-respondent had the burden of proof in establishing justifiable cause for failing to visit and pay child support for his minor child."

■ In *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph two of the syllabus, our Supreme Court cogently stated how the burden of proof is to be applied in a dispensation of consent proceeding:

"Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the *burden of going forward with the evidence* is on the natural parent to show some facially justifiable cause for such failure. The *burden of proof,* however, remains with the petitioner."

Daniel asserts that the probate court's twentieth finding of fact is inconsistent with this standard. The trial court found as follows:

" '20. The Court finds that Daniel Thomas Cosgrove has failed to show a subsequent agreement was made, justifying his failure.' " Journal Entry, June 27, 1988.

It is undisputed that Daniel failed to support Mathew for the year preceeding the filing of the petition for adoption. Daniel contended at the proceedings below that his failure to support was justified since such failure was pursuant to an agreement with Deborah. The probate court's finding merely reflects its determination that Daniel failed to show that such an agreement ever existed. Thus, Daniel did not show some facially justifiable cause for his

failure to support Mathew. The probate court clearly left the burden of proof on the petitioner in accordance with the standard set forth in *In re Bovett.*

Accordingly, Daniel's second assignment of error is overruled.

### Assignments of Error

"III. The trial court erred in finding against the manifest weight of the evidence that appellant had no justifiable cause for failing to visit and support his minor child.

"IV. The trial court erred in considering as justifiable cause for failing to pay child support only appellant's ability to pay.

"V. The trial court erred in considering as justifiable cause for failing to communicate with his child only appellant's access to said child."

The gravamen of these three assignments of error is that the probate court erred in determining that the agreement between Daniel and Deborah did not exist. In determining under what circumstances the probate court's factual findings should be disturbed on appeal, we again look to *In re Bovett* for guidance. The fourth paragraph of the syllabus reads:

"The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. (*In re Adoption of Masa* [1986], 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph two of the syllabus, followed.)"

We first note that the transcript of proceedings contains a large number of unintelligible passages. We find it difficult to rule on the evidentiary findings of the probate court. Generally, in the absence of an adequate record, we must presume the regularity of the proceedings in the trial court, and cannot rule on errors regarding evidentiary findings. *Baumann v. Baumann* (Oct. 15, 1986), Medina App. No. 1507, unreported, 1986 WL 450. We further note that Daniel has not attempted to clarify the record pursuant to the remedies provided in App.R. 9.

From those portions of the transcript of proceedings which are intelligible, we do not find anything which would indicate that the probate court's evidentiary findings should be disturbed.

Accordingly, Daniel's third, fourth and fifth assignments of error are overruled.

Daniel's assignments of error are overruled and the judgment of the probate court is affirmed.

*Judgment affirmed.*

QUILLIN and VEIT, JJ., concur.

HANS R. VEIT, J., of the Geauga County Court of Common Pleas, sitting by assignment.