OPINION
Appellants, Jonathan and Angela Evans, appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding child support retroactive to the time at which appellee stopped voluntarily providing monetary support for the child. Appellants argue that the trial court abused its discretion by not awarding child support retroactive to the date of the child's birth. For the following reasons, we affirm.
Jonathan Evans, the child at issue in this matter, was born to Angela Evans on September 30, 1992. In 1993, Gerald Richardson's paternity of Jonathan was established in the Franklin County Court of Common Pleas, Probate Division. Soon after Jonathan was born, Ms. Evans asked Mr. Richardson to assist her with the expenses associated with caring for and supporting Jonathan. Thereafter, Mr. Richardson began giving Ms. Evans approximately $80 a week. Ms. Evans used this money to pay for daycare for Jonathan.
Mr. Richardson testified that he continued giving Ms. Evans the $80 weekly payment until April 1999. He also presented a number of money order receipts reflecting these payments. The last money order receipt was dated February 1999. Mr. Richardson also testified that he paid for certain appliances for Ms. Evans, including an air conditioner that she told him she needed for Jonathan's health.
On December 1, 1999, appellants filed an action in the trial court against appellee seeking an order of support for Jonathan. On February 28, 2001, the magistrate issued a decision in which he ordered appellee to pay ongoing child support in the amount of $218 per month. Additionally, the magistrate found that appellee was $5,923.74 in arrears in his payment of child support. The magistrate calculated this arrearage by adding up child support payments due from January 1999 to January 2001.
Both appellants and appellee objected to the February 28, 2001 decision. On October 29, 2001, judgment was entered sustaining the magistrate's decision but modifying the amount of arrearages by deducting miscellaneous funds appellee gave Ms. Evans in 1999 and 2000. Appellants appeal from this judgment.
On appeal, appellants assign the following error:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERROR WHEN IT FAILED TO AWARD APPELLANT ARREARAGES IN CHILD SUPPORT RETROACTIVE TO THE DATE OF THE CHILD'S BIRTH.
By their single assignment of error, appellants assert that the trial court abused its discretion by only awarding retroactive child support payments beginning January 1, 1999, the approximate point at which appellee stopped the $80 weekly payments. We disagree.
An appellate court must use the abuse of discretion standard when reviewing matters related to child support. Booth v. Booth (1989),44 Ohio St.3d 142, 144. The abuse of discretion standard "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. See, also, Masters v. Masters (1994),69 Ohio St.3d 83, 85. When applying the abuse of discretion standard, an appellate court is not free to merely substitute its judgment for that of the trial court, but must presume that the findings of the trial court are correct. In re Jane Doe I (1990), 57 Ohio St.3d 135, 137-138.
Pursuant to R.C. 3111.13(F)(2):
 When a court determines whether to require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child, it shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child.
Notably, this statute does not institute a per se rule that requires or disallows awards of retroactive child support. Instead, the statute vests the trial court with the discretion to determine whether a parent must pay a retroactive amount of child support, and specifies the factors the court can consider in making its decision. See Tod W. v. Erika P. (1999), Wood App. No. WD-99-013 (recognizing that R.C. 3111.13 leaves the matter of retroactive child support payments to the trial court's discretion).
Here, the trial court determined that appellants were entitled to retroactive child support, but set the date from which the retroactive support commenced at January 1, 1999, not the date of Jonathan's birth. Appellants argue that the trial court's failure to set the commencement date at Jonathan's birth is a violation of the rule of law set forth in Baugh v. Carver (1981), 3 Ohio App.3d 139:
 * * * While the awarding of a monetary amount for child support is a matter generally within the discretion of the trial court, this does not permit it to ignore the fact that * * * the child is entitled to, and the father is obligated to provide, support from the date of birth. Where damages for support payments for the period from the date of the child's birth to the date of adjudication are prayed for and proved, as here, it is an abuse of discretion for the court to make no award of child support for that period in the absence of an affirmative demonstration of some circumstance which ought reasonably to relieve the father of this obligation and the child of this entitlement. * * *
First, we note that, since the Baugh decision was rendered, R.C. 3111.13
has been revised. Nevertheless, Ohio courts, including this court, have cited the Baugh decision when considering child support orders under the current R.C. 3111.13. See Shockey v. Blackburn (1999), Warren App. No. CA98-07-085 (citing cases). Therefore, we will consider the Baugh decision's applicability to the present case.
Even taking the Baugh decision into account, we cannot conclude that the trial court abused its discretion. According to the Baugh decision, a court does not have to use the child's date of birth as the commencement date for retroactive child support payments if the father presents evidence of some circumstances showing that use of that date is unwarranted. Demonstrating that a father voluntarily provided support prior to a child support order, and that the child's financial needs were met during that pre-order period, can be sufficient evidence to relieve a father of retroactive child support. See Shockey, supra (relieving the father of child support obligation prior to the time the complaint was filed because the father presented evidence that he had provided ongoing monetary support to his child during that period).
In this case, both parties testified that appellee paid Ms. Evans $80 a week from sometime shortly after Jonathan's birth until the beginning of 1999. Appellee began making the $80 weekly payments after Ms. Evans requested monetary assistance in caring for Jonathan. Although Ms. Evans contends that these payments were for childcare, and not child support, how Ms. Evans used the funds for Jonathan's support and care is not relevant. Moreover, appellee testified that he purchased various appliances, including an air conditioner, to maintain Jonathan's health. Given the contributions appellee made for his son's care, we conclude that the trial court did not abuse its discretion in relieving him of the obligation of paying retroactive child support from Jonathan's date of birth.
Accordingly, we overrule appellants' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
TYACK, P.J., and BRYANT, J., concur.