OPINION *Page 2 
{¶ 1} Defendant April Paris appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which ordered plaintiff-appellee to pay child support for the parties' minor child, starting August 17, 2006. The court overruled appellant's request for back child support and birthing expenses. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN GRANTING (SIC) DEFENDANT-APPELLANT'S MOTION FOR BACK CHILD SUPPORT."
 {¶ 3} Appellant's brief argues the trial court erred in not granting her motion for back child support.
 {¶ 4} The magistrate to whom the matter was referred made findings of fact and conclusions of law. She found appellant became pregnant at the age of 15 and delivered the child when she was 16. The maternal grandparents paid medical bills and birthing expenses. The parties' minor child was 12 years old at the time of the hearing.
 {¶ 5} On November 21, 1995, when the child was 1 year old, appellee filed a paternity action. Appellant did not request an order of child support. Shortly thereafter, appellee was charged and convicted of corruption of a minor. Appellee did not pursue the paternity case and it was subsequently dismissed.
 {¶ 6} In 1997, appellee was incarcerated on an unrelated offense, and served six years in prison. Upon release, appellee initiated a second paternity action on September 12, 2003. Again, appellee did not follow through and the case was dismissed. Again, appellant did not seek an order of child support. *Page 3 
 {¶ 7} In August 2006, appellee filed this third action, which proceeded to trial on the issue of child support, arrearages, and medical and birthing expenses.
 {¶ 8} The magistrate found the child has continuously lived with appellant since birth. In turn, appellant has lived with her parents, the maternal grandparents of the child, during the entire life of the child, except for one year when she was married and living with her now ex-husband. Appellant remarried in November 2006, but still lives with her parents because her new husband is in the Marines and stationed out of state. Within the next year, appellant intends to re-locate to California. The magistrate found appellant's parents have fully supported her and her child until the past three years when appellant became self-supporting.
 {¶ 9} The magistrate entered conclusions of law. The magistrate found it was inequitable to award appellant twelve years of child-support arrearages and birthing expenses. The magistrate noted at no time during the past twelve years did appellant initiate any proceedings for paternity, child support, arrearages, or birthing expenses. The magistrate found appellant could easily have requested support orders in either of the prior two filings and had ample opportunity to file an action herself. The court found appellant's previous failure to seek child support and medical expenses constitutes an unreasonable delay which was materially prejudicial to appellee.
 {¶ 10} The magistrate also found it would be inequitable to order appellee to pay appellant twelve years of back child support and the birthing expenses because during the majority of time appellant did not support herself or the child. The magistrate found the maternal grandparents provided support for both the child and appellant, and paid *Page 4 
all of the child's expenses for the years prior to 2004. The magistrate noted no evidence was presented as to who actually paid any of the medical expenses.
 {¶ 11} The magistrate found for the most part back child support is meant to repay the custodial parent for the expenses related to the child that the obligor should have paid. The magistrate found appellant would be unjustly enriched by being awarded back support as reimbursement for child-related expenses her parents paid. The magistrate found there was no testimony presented appellant owed her parents any form of reimbursement for the expenses they incurred for the support and care of the child. The court found neither appellant nor the child were on any type of public assistance during the past twelve years, and were not a burden to the state of Ohio.
 {¶ 12} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217; to property divisions in Martin v.Martin (1985), 18 Ohio St. 3d 292; and to custody proceedings inMiller v. Miller (1988), 37 Ohio St. 3d 71. More recently, the Court has applied the abuse of discretion standard to decisions calculating child support, see Dunbar v. Dunbar, 68 Ohio St. 3d 369, 533-534,1994-Ohio-509, 627 N.E. 2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio StateMed. Board, (1993), 66 Ohio St.3d 619, 621. *Page 5 
 {¶ 13} R.C. 3111.15 provides if the existence of a father-child relationship is declared or paternity or a duty of support has been adjudicated, the father's obligation may be enforced by the mother, the child, or the public authority that furnished, is furnishing, or may furnish the reasonable expense of pregnancy, confinement, education, support or funeral, or by any person including a private agency, to the extent the party may have furnished these expenses.
 {¶ 14} Appellant cites Bauch v. Carver (1981), 3 Ohio App. 3d 139, as authority for the proposition a court abuses its discretion if it makes no award of child support for a period of time unless the obligor makes an affirmative demonstration of some circumstance which relieves him of the obligation and the child of the entitlement. Appellant argues the magistrate shifted the burden of proof to her.
 {¶ 15} In the recent case of Barker v. Jarrell, Lorain App. No. 07CA009126, 2007-Ohio-7024, the Ninth District Court of Appeals discussed the equitable doctrine of laches. "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.' Baughman v. State FarmMut. Auto. Ins. Co., 160 Ohio App.3d 642, 2005-Ohio-1948, at ¶ 10. To succeed utilizing the doctrine of laches, one must establish: `(1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for such delay; (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.' Connolly Constr.Co. v. Yoder, 3d Dist. No. 14-04-39, 2005-Ohio-4624, at ¶ 23, citingState ex rel. Cater v. N. Olmsted (1994), 69 Ohio St.3d 315, 325. Accordingly, `[d]elay in asserting a right does not of itself constitute laches.' State ex rel. Scioto Cty. Child Support Enforcement Agency v.Gardner (1996), 113 Ohio App.3d 46, 57, quoting *Page 6 Smith v. Smith (1959), 168 Ohio St. 447, at paragraph three of the syllabus. Instead, the proponent must demonstrate that he or she has been materially prejudiced by the unreasonable and unexplained delay of the person asserting the claim, Connin v. Bailey (1984),15 Ohio St.3d 34, 35-36."
 {¶ 16} Whether to apply the doctrine of laches is within the discretion of the trial court and should not be reversed absent an abuse of discretion. Still v. Hayman, 153 Ohio App.3d 487, 2003-Ohio-4113, at paragraph 8.
 {¶ 17} We find the court did not shift the burden to appellant. To determine if laches should apply, the court had to decide if appellant's delay was unreasonable, and whether appellant had an excuse for the delay.
 {¶ 18} In Parker v. Ambrose (1993), 85 Ohio App. 3d 179, the Tenth District Court of Appeals found where a father is deprived an opportunity to establish a relationship with his child during his child's formative years, it is inequitable to order retroactive child support.
 {¶ 19} We find the trial court did not abuse its discretion in refusing to order appellee to pay back child support and birthing expenses, because appellant not only did not seek these for twelve years, but apparently used the threat of back support and birthing expenses to discourage appellee from establishing a parent-child relationship with his son. Appellant succeeded for twelve years, and should not be reimbursed. There is no way the court can give appellee back the opportunity to be involved in the first twelve years of his child's life. Appellee has been prejudiced by appellant's actions, and more importantly, the child has been deprived of a relationship with his father. *Page 7 
 {¶ 20} However, this court cannot countenance the rationale that appellant cannot recover back child support and birthing expenses because the maternal grandparents originally paid them. Child support is for the benefit of the child, not the custodial parent, see, e.g.,Nelson v. Nelson (1989), 65 Ohio App. 3d 800, 585 N.E. 2d 502. While it is true R.C. 3111.15 permits any party to recoup back support and/or expenses from a parent, it does not follow the primary purpose of child support is to benefit the custodial parent.
 {¶ 21} The record contains sufficient evidence from which the court could conclude appellee demonstrated laches should relieve him of the obligation of paying back child support and the birthing expenses. We find no abuse of discretion.
 {¶ 22} The assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Edwards, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1