[Cite as *Fraelich v. Parrish*, 2016-Ohio-445.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MICHAEL FRAELICH

    Appellee

    v.

DONNA PARRISH

    Appellant

C.A. No.     14CA010684

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12JB27805

DECISION AND JOURNAL ENTRY

Dated: February 8, 2016

WHITMORE, Judge.

{¶1}    Appellant Donna Parrish ("Mother") and Appellee Michael Fraelich ("Father") are the unmarried parents of a young son.  Mother appeals from the order of the Lorain County Juvenile Court establishing child support to be paid by Father.  We reverse in part and affirm in part.

I

{¶2}    Mother and Father lived together but were never married.  Mother terminated the relationship and Father moved out of their shared residence a few weeks after Mother informed Father that she was pregnant.  Mother refused to communicate with Father throughout the pregnancy and following the birth of the child.

{¶3}    Father promptly filed a complaint to establish parentage and allocate parental rights and responsibilities in the juvenile court.  Genetic testing proved Father to be the biological parent of the child.

{¶4} Mother filed a motion to establish child support. Mother moved "for an [o]rder directing [Father] to pay monetary support for the parties' child." Mother "further move[d] for an [o]rder directing [Father] to share in the child's uncovered birthing expenses and past care retroactive to the child's date of birth * * *."

{¶5} The case proceeded to trial on Father's complaint and Mother's motion to establish child support. The court issued a judgment entry establishing a shared parenting plan and ordering child support. The order required Father to pay child support prospectively, but did not address the issues of retroactive support and payment of uncovered birthing expenses. The order granted Father a 43% downward deviation in support based upon the fact that Father eventually would have custody 43% of the time. The court also found that the deviation was warranted based on the disparity in the parties' incomes.

{¶6} Mother appeals from the trial court's award of child support. She raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ORDER THAT THE APPELLEE/FATHER PAY CHILD SUPPORT FOR THE PERIOD STARTING FROM THE BIRTH OF THE SUBJECT CHILD ON NOVEMBER 16, 2012, TO THE DATE OF ISSUANCE OF ITS DECISION ON SEPTEMBER 26, 2014.

{¶7} In her first assignment of error, Mother argues that the trial court erred when it failed to order Father to pay child support from the child's birth date until the date of its decision. Mother does not appeal the trial court's failure to order payment of uncovered birthing expenses. Because the trial court did not address Mother's motion for past child support when it disposed of the issues in Father's complaint, Mother's motion for retroactive support is deemed denied.

*See Wolford v. Sanchez,* 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 41 ("motions not ruled upon are deemed denied"). We agree that the trial court erred when it denied Mother's request for retroactive support.

{¶8} "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is more than an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶9} This Court has held that "it is the law of Ohio that the adjudicated natural parent of an illegitimate child has the duty to support such child from birth." *In re Adoption of Taylor*, 61 Ohio App.3d 500, 503 (9th Dist.1989), citing *Baugh v. Carver*, 3 Ohio App.3d 139 (1st Dist.1981). Section R.C. 3111.13 of the Ohio Revised Code sets forth what may be included in a judgment in a parentage action. Under R.C. 3111.13(C), a judgment may include "any other provision directed against the appropriate party to the proceeding, concerning the duty of support * * *." "Section 3111.13(C) is broad enough to allow a child support award to be made retroactive to the date of birth of the child." *Magee v. Robinson*, 9th Dist. Summit No. 18896, 1998 WL 646677, * 2 (Sept. 16, 1998).

{¶10} Under R.C. 3111.13(F)(2), it is mandatory that the trial court consider "all relevant factors" in determining whether to award support for the period prior to a determination of parentage. R.C. 3111.13(F)(2) provides, in part:

> [The court] shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child

prior to the court issuing the order requiring the parent to pay an amount for the current support of the child.

{¶11} In this matter, Father argues that the court was within its discretion to deny retroactive child support on the basis of Mother' derisive behavior. Father cites Mother's deliberate lack of communication with Father regarding the child, and Mother's apparent intentional disregard of court orders and deadlines to complete the genetic testing necessary to establish Father's parentage.

{¶12} Father's argument implies that a court may deny retroactive child support as a punitive measure. He fails to consider that, under these circumstances, denying support as a punitive measure punishes the child along with the offending parent. Rather than penalize the child, the court could have addressed Mother's behavior directly through a contempt citation. We do not resolve the merits of Father's argument here, however. Because the court failed to address Mother's request for retroactive support in any respect, we do not know if the court in fact considered Mother's behavior when it failed to award back support for the period prior to the determination of parentage.

{¶13} Here, the court did not state what factors it considered under R.C. 3111.13(F)(2) to deny retroactive child support. Nor did it make any findings of fact that would support the decision. The court therefore abused its discretion in failing to award past support without demonstrating circumstances that justify relieving Father of his duty to support his child from birth. *See Magee*, 1998 WL 646677 at * 2, citing *Baugh*, 3 Ohio App.3d at 141. Mother's first assignment of error is sustained.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING
THE APPELLANT/FATHER A DOWNWARD DEVIATION FROM THE
CHILD SUPPORT GUIDELINES IN HIS CHILD SUPPORT OBLIGATION IN

THE AMOUNT OF 43%, BASED PRIMARILY UPON THE FACT THAT ITS ORDER OF POSSESSION ULTIMATELY PLACES THE CHILD WITH HIM FOR 43% OF THE TIME.

{¶14} In her second assignment of error, Mother contends that the court erred when it granted Father a 43% downward deviation from the Ohio child support guidelines based on Father's custodial time with the child. We disagree.

{¶15} R.C. 3119.02 governs the calculation of child support. It provides that the amount of child support obligation shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." The basic child support schedule is codified at R.C. 3119.021, which provides the amount of child support to be paid upon the parents' combined gross income. R.C. 3119.022 provides the content and form for the child support computation worksheet applicable to situations where, as in this matter, the parties have shared parenting.

{¶16} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. However, a court may deviate from that amount in a shared parenting case if the application of the scheduled amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code." R.C. 3119.24(A)(1). "Extraordinary circumstances of the parents" include:

> (1)  [t]he amount of time the children spend with each parent;
>
> (2)  [t]he ability of each parent to maintain adequate housing for the children;

(3)   [e]ach parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; [and]

(4)   [a]ny other circumstances the court considers relevant.

R.C. 3119.24(B).   Under R.C. 3119.23, the court may also consider, among other factors, "[d]isparity in income between parties or households[.]" R.C. 3119.23(G).

{¶17}  If the court deviates from the presumed amount of the support obligation, it shall journalize: (1) the presumed amount; (2) its determination that the amount would be unjust or inappropriate and not in the child's best interest; and (3) findings of fact supporting its determination.  R.C. 3119.24(A)(2).  Strict compliance with these mandatory requirements for deviation is required.  *Hurte v. Hurte*, 4th Dist. Washington No. 04CA33, 2005-Ohio-5967, ¶ 26; *see Rock v. Cabral*, 67 Ohio St.3d 108, 110 (1993) (involving support obligation under R.C. 3113.215 (repealed)).

{¶18}  In this matter, the trial court strictly complied with R.C. 3119.24(A).  The court stated that the child support amount ordered is different from the presumed amount calculated on the child support worksheet.  The court attached that worksheet to its journal entry, and incorporated it by reference.  The court stated that the "child support amount ordered is different than the [presumed amount] because the [presumed amount] would be unjust or inappropriate and would not be in the best interests of the minor child for the reasons as provided in R.C. 3119.22, 3119.23, [and] 3119.24 * * *."  Next, the court found that Father would exercise parenting time with the child 43% of the time, and on that basis ordered a 43% downward deviation from the presumed amount of support.  The court also found that "the disparity in income between the parents warrants deviation as Father earns only minimum wage and Mother earns approximately [$41,000.00] per year."

{¶19} Mother argues that the court abused its discretion in awarding a 43% downward deviation to correspond with Father's percentage of parenting time because the court "failed to take into account the fact that the Lorain County Standard Visitation Schedule * * * provides that the non-residential parent has the child approximately 15% of the time on a regular weekly basis and 12% of the overall time for extended vacation." According to Mother, this means that "the non-residential parent's normal possession time is approximately 27% of the time, without any contemplated legislative deviation." Mother claims that the downward deviation should take into account that 27%.

{¶20} Mother's precise argument was rejected by another appellate court in *Linam v. Linam*, 7th Dist. Columbiana No. 02 CO 60, 2003-Ohio-7001. In that case, the trial court made a 50% downward deviation in the father's support obligation based on the parties' shared parenting plan that gave them both 50% of the time with the children. The mother argued at trial that the father should have only received a 22% downward deviation because a standard visitation order gave the obligor 28% of the time with the children, and the difference between 50% and 28% is 22%. *Id*. at ¶ 31. The appellate court upheld the trial court's decision as within its discretion. *Id.* at ¶ 32. The court explained that the mother failed to appreciate that, in addition to father spending additional time with the children, she would be spending proportionately less time with the children. *Id.* Accordingly, *Linam* found that the trial court was properly within its discretion in authorizing a 50% deviation from the presumed amount of support. *Id.*

{¶21} The *Linam* court is not alone in holding that a minute-per-minute downward deviation from the presumed amount of support is within the trial court's discretion. Several appellate courts in this state have held that, under a shared parenting plan, a trial court does not

abuse its discretion by deviating from the guidelines when it calculates child support by equitably giving parents credit for the time they have physical custody of the child. *Ontko v. Ontko*, 6th Dist. Erie No. E-03-050, 2004-Ohio-3805, ¶ 28; *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 610 (8th Dist.1998); *Copas v. Copas*, 4th Dist. Adams No. 02CA754, 2003-Ohio-3473, ¶ 9; *Hubin v. Hubin*, 10th Dist. Franklin No. 99AP-1156, 2000 WL 868590, *6 (June 30, 2000). In *Hubin*, the appellate court affirmed a child support award to a parent that was a 40% downward deviation from the child support guidelines under a shared parenting plan when that parent spent 40% of the time with the children. *Hubin* at *6. The Supreme Court of Ohio affirmed. *Hubin v. Hubin*, 92 Ohio St.3d 240 (2001). Moreover, the Supreme Court has said that although a party to a shared parenting plan is not entitled to an automatic credit for time spent with the child, the trial court may deviate from the guidelines based on the amount of time the obligor spends with the child "on a case-by-case basis" when it finds it is in the best interest of the child. *Pauly*, 80 Ohio St.3d at 389.[1]

{¶22} Considering this authority, we affirm the juvenile court's 43% downward deviation from the child support guidelines when Father would spend 43% of the time with the child. Although we recognize that nothing in the Revised Code requires a downward deviation based on time spent with the child, *see Pauly* at 389, R.C. 3119.24 places it within the court's discretion to take into account Father's time spent with the child in making the deviation. R.C. 3119.23(G) also expressly permits the court to take into account the disparity in the parents' incomes, as the court did here. Under the circumstances, we cannot say that the trial court's

---

[1] *Pauly* considered a support obligation under R.C. 3113.215, which was repealed on March 22, 2001. Courts continue to rely on *Pauly* for the proposition that a credit for time spent with the child is not automatic, but instead is within the discretion of the trial court if the credit is in the child's best interest. *See Hurte*, 2005-Ohio-5967 at ¶ 24-27.

decision was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Accordingly, Mother's second assignment of error is overruled.

III

Mother's first assignment of error is sustained. We thus remand this matter for the trial court to either calculate an award of child support retroactive to the child's birthdate, or articulate the reasons why a retroactive award is not warranted in this case.

Mother's second assignment of error is overruled. The downward deviation from the child support guidelines based on Father's time with the child under a shared parenting arrangement was within the trial court's discretion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KENNETH R. HURLEY, Attorney at Law, for Appellant.

LINDSAY K. NICKOLLS, Attorney at Law, for Appellee.